## BARCROFT, GEORGE & CO. v HAWORTH *et al.*

1. **Instructions :** ERROR WITHOUT PREJUDICE.   The giving of an erroneous instruction upon an issue which, in view of facts upon other issues, it was unnecessary to consider, is not reversible error.

2. **Partnership :** USE OF FIRM NAME.   To bind the firm by a contract, it is not necessary that it should have been signed by all the partners or in the firm name, if it was intended to bind the firm, was so accepted, and was in respect to the business thereof.

3. —— DECLARATIONS OF PARTNERS.   A partnership may be shown by the separate admissions, acts or declarations of all the parties sought to be charged as partners.

4. —— While the partnership cannot be shown as against one denying his connection therewith, by the representation or declarations of another of which he was ignorant, it is otherwise where he is aware of such representations and taken no steps to contradict them. and credit is given on the faith thereof.

*Appeal from Warren District Court.*

WEDNESDAY, AUGUST 31.

PLAINTIFFS sue upon a contract, made, as they allege, with all the defendants, by which they undertook, upon certain terms, to feed, water and care for one hundred and seventy-seven head of cattle from October, 1866, until the next spring, claiming $5,500 for amount advanced upon said contract, over what defendants were entitled to, and for loss and injury to said cattle by reason of want of care and attention in feeding, etc.

There was a trial continuing six days and a general verdict in favor of plaintiffs, in the sum of $3,844.50. The defendants are Mahler Haworth, his two sons and his son-in-law. The question most warmly contested was, whether the father was a party to the contract, or, in other words, whether he was a member of an alleged partnership. Upon this issue the jury found specially that he was such partner, that he had been such partner, that the partnership was never dissolved, and that he held himself out as such. Motion for new trial overruled, and defendants appeal.

*Nourse & Kauffman* with *Bryan & Seevers* for the appellants.

*J. R. Barcroft* for the appellee.

WRIGHT, J.—A patient examination of this record, covering just one thousand pages of written matter, has seemed to advise us of, aside from the argument of the many and yet not difficult questions involved in it, and at the same time confirm the necessity for, the forthcoming new rules of the court, by which court and counsel shall be relieved, by the adoption of printed abstracts, of a labor infinitely worse than needless. Without undertak-

ing to pass upon the questions, *seriatim*, we shall content ourselves with stating generally views in accord with the action of the court below, and which must hence lead to an affirmance of this judgment.

I. As to the liability of the father, Mahler Haworth. By the testimony, plaintiffs sought to make him liable as a partner in these methods: *First*, that he was partner in fact. *Second*, that he had been, and that if he had withdrawn there was no notice thereof. *Third*, that he held himself out, and permitted the other defendants to hold him out, to the world as such partner. All these issues were found specially by the jury against the defendant. The first finding that he was a partner in fact, at the time the contract was made, was in our opinion most abundantly warranted by the testimony, and renders the other findings of but little importance. All the instructions asked by defendants were refused, but they were covered again and again by the instructions in chief.

1. INSTRUC-
TIONS: error
without preju-
dice.

The law as to what would constitute these persons partners was given just as found in all the books upon this subject, in a form entirely unexceptionable. And though it should be conceded, that, upon the questions of notice and liability, by being held out as a partner, there was possible error in the instructions, it would not avail defendant (Mahler), since under proper instructions and sufficient testimony the jury have found against him upon an issue that renders the determination of the others entirely unimportant. It is not as though we had a general verdict, and plaintiffs were insisting that the liability as a partner was shown in one or all of these methods.

Nor then, as we could not tell upon which of these the jury found for plaintiffs, if there was error in the instructions as to any that error would vitiate the entire verdict, unless, of course, we could be able to say that as to one,

Barcroft, George & Co. v. Haworth.

touching which there was error, the testimony was so overwhelming in plaintiff's favor that the jury could not consistently, with any fair view of it, have found otherwise. So if the finding here upon the first issue was not warranted then we should be led necessarily to examine the correctness of the others, and the law given thereunder. That case is not before us, however. But if it was, we may remark, that upon all of them the charge was more than usually clear, impartial, pointed, and satisfactory.

It is not very clear that defendants had any partnership name. The contract was signed by two of them, the **2. PARTNERSHIP:** third (one of the brothers) consenting to it, use of firm name. and as to his liability if any are liable, there is no doubt. The father did not sign the agreement; the presumption, therefore, was that he was not a party to it and the burden of proof to show his liability was upon the plaintiffs. To bind the firm, it was not necessary that the contract should be signed by all the partners, nor, if there was a firm name, that it should be used.

If, by the method adopted, it was the intention to bind the firm, and especially when it was so accepted, and the credit given upon the strength of the firm, it would be equally as binding as though signed in the most formal and regular manner. Signed as the contract was, by a partner of the individuals composing the alleged firm, the true inquiry was, whether it was made upon the credit and for the benefit of the copartnership sought to be charged. And that it was so made should be shown affirmatively. And thus, in brief, the law upon this contested question of fact was well and clearly stated by the court, and thus far there is no just ground for complaint.

An objection was interposed during the trial to certain testimony, showing statements made by the other defend-

3. —— declarations of partners. ants as to who constituted the firm. Plaintiffs conceded that the testimony was not competent unless they succeeded in showing the partnership by other proof ; and if they did, then they claimed that the declarations and admissions of all and each were admissible. With this explanation and concession, the objection seems not to have been pressed, and the question, save by the instructions, was not again raised. That the rule adopted is correct is not controverted ; for it is conceded, as was in substance said by the court, that a partnership may be shown by the separate admissions of all, by the acts, declarations and conduct of the parties, or by the act of one, the declaration of another, and the acknowledgment or consent of a third. *Byington* v. *Woodward*, 9 Iowa, 360 ; 2 Green'l. Ev. § 481 ; *Tuttle* v. *Cooper*, 5 Pick. 414, and authorities there cited. Whether an instruction asked by defendants, intended to guard the defendant (Mahler) against the effect of the admissions or declarations of the other defendants, should not have been given is really, to us, the question of most doubt in the case. The affirmance of the action of the court, however, may safely enough be put upon either of these grounds :

In the *first* place, the instruction as asked ignores Mahler's liability if he held himself out as a partner, or if, after the alleged dissolution, he failed to give due notice. It attempts to declare his non-liability, whatever the other circumstances, unless he knew of the representations of the sons and son-in-law, and did not contradict them.

In the *second* place, in view of what was ruled during the admission of the testimony, and what was said in the instructions in chief, the jury could not have been misled on this subject. They were told that the representations of the others alone would not bind Mahler, unless he knew of the same and did not contra

dict, etc. ; that they were to take into consideration the acts and declarations of all the defendants, and whether the other defendants, with Mahler's knowledge, caused plaintiffs to believe he was a partner, etc.

In the *third* place, if by possibility the jury did draw a wrong inference from the instructions given, and the action of the court in refusing the one asked, the testimony was so little needed, and the verdict was so strongly supported aside from it, that we should hardly be justified in awarding a new trial.

II. As to the amount of the verdict, there is scarcely room for argument. The testimony is overwhelmingly in plaintiff's favor that these cattle were neglected, and that in the spring, instead of showing an increase of two hundred pounds per head — the average increase under proper care and feed, according to the testimony — the whole lot had increased about five thousand five hundred pounds, or a little over thirty pounds per head. They were not " good, merchantable fat beef," as required by the contract, and the fault was defendants', or at least the jury could well so find under the testimony. Plaintiffs were not to be limited in their recovery to the mere excess of their payments over the amount expended by defendants for the purchase of feed. For, if by the failure of defendants to properly feed and care for these cattle they were rendered less valuable or profitable to plaintiffs in the spring than they would have been if defendants had fulfilled their contract, plaintiffs would be entitled to this difference. This, in substance, was the rule given to the jury by the court, and acted upon throughout the trial, without objection. And guided by it, and especially in view of the amount of money paid by plaintiffs upon the contract, defendants have no right to complain of the amount of the verdict.

Affirmed.