Seekell v. Fletcher.

SEEKELL v. FLETCHER ET AL.

1. Evidence: PARTNERSHIP. It is competent for the plaintiff, in an action to charge the defendants as partners, to state as a witness that it was his belief at the time of his transaction with defendants, based upon their statements and conduct, that they were partners in the transaction.

2. Partnership: LIABILITY OF: INDIVIDUAL NOTE OF PARTNER. A firm may be made liable upon the individual note of one of its members, when such note was intended to bind all and was so accepted, and given for property purchased for the firm.

*Appeal from Harrison District Court.*

THURSDAY, APRIL 8.

THIS action was originally brought against J. B. Fletcher and the defendant Vandusen to recover the sum due upon a promissory note. Fletcher made no appearance, and died pending the action. The defendant Clara Fletcher, who is administratrix of his estate, was substituted as a defendant. The plaintiff amended his petition, in which amendment he averred, in substance, that said Fletcher and Vandusen were partners in the business of farming, dealing in live stock, buying and selling corn, etc., and that in March, 1875, they purchased of plaintiff on their joint account as partners seven hundred bushels of corn, which was delivered to them jointly, and that they executed and delivered to plaintiff, in the course of their said joint business, their certain promissory note in the name and style of J. B. Fletcher, for the purchase price of said corn; that said note was given to change the form of said indebtedness, and not as payment.

The defendant Vandusen denied the alleged partnership, and averred that said Fletcher purchased said corn upon his individual account, and executed his own promissory note therefor. Upon this issue the cause was tried to a jury. There was a verdict and judgment for the plaintiff. The defendant Vandusen appeals.

*J. C. Naylor* and *A. W. Clyde*, for appellant.

*W. S. Shoemaker* and *Smith & Kelly*, for appellee.

ROTHROCK, J.—I. The plaintiff was examined as a witness and testified in most positive terms that the corn was purchased by both Fletcher and Vandusen, that they joined in the contract of purchase. He also testified to a number of transactions previously had with the parties tending to show that they were partners. After detailing the facts and circumstances he was asked this question: "Now I will get you to state again, from the manner of their dealings with you prior to the execution of this note, whether or not it was understood by you at the time that they were partners or not?" "Ans. As partners, I sold corn to Vandusen and Fletcher for which this note was given."

1. EVIDENCE: partnership.

Objection was made to this evidence as incompetent and immaterial, which objection was overruled. An instruction was asked to be given to the jury to the effect that a partnership could not be proved by the opinions of witnesses, which instruction was refused.

It does not appear that this testimony was in the nature of an opinion. It is rather the expression of a belief, upon the part of the plaintiff, that there was a partnership at and before the date of the note. If the defendant Vandusen's acts and representations were such as to induce the plaintiff, as a reasonably prudent man, to believe his statements that he was a partner with Fletcher, we know of no reason why the plaintiff should not be allowed to state to the jury that it was in that belief he acted, when he made the sale and took the note, and it was then for the jury to say whether the facts justified his belief. The word, "understood," may not have been, and probably was not, the best word that could have been used to express the idea sought, but the error, if any, is too inconsiderable to warrant a reversal upon that ground. The same may be said of the objection to the testimony of the witness

Popejoy, where he states that Vandusen "said they were in partnership, in all Vandusen's business transactions, as I understood him." The witness had detailed a conversation had with Vandusen, and evidently was not giving an opinion, but merely the import of language as he understood it. Other objections were made to the admission and the exclusion of evidence, which do not seem to us to be well taken. We need not further consider them. A mere statement of them would show that they are without merit.

II. The court gave to the jury seven instructions. Each and all of them were excepted to by the defendant, and error 2. PARTNER- is assigned upon them, and the alleged errors are SHIP: liabil- ity of: indi- argued at length by counsel. The defendant pre- vidual note of partner. sented ten instructions and requested that they be given to the jury. They were refused and error assigned and argument is made thereon. We do not deem it necessary to go through with these assignments *seriatim*. There are certain controlling considerations arising in the record which lead us to an affirmance of the judgment, which we will briefly consider.

There was but a single question for the jury to determine, and that was whether the defendant Vandusen was, under the evidence, liable as a party in the purchase of the corn, and the execution of the note. The second and third instructions given by the court to the jury, and which embody rules for their guidance in determining the defendant's liability, are as follows:

"2. If, from the evidence which is before you, you are satisfied that on or about the 30th day of March, 1875, the defendant Albert Vandusen and J. B. Fletcher were, in fact, together engaged in business in the purchase of grain, and they, or either of them, for Vandusen and Fletcher in the grain business, went on or about that date to the plaintiff Seekell, and purchased corn, and gave the note in suit therefor, then you should find for the plaintiff Seekell. If defendant Vandusen and Fletcher were not, in fact, engaged in partnership

in the purchase of grain, at or about the time of the sale of the grain in question, still if defendant Vandusen, by his conduct or conversation, or if he by his general manner of doing business with Fletcher, induced the plaintiff, as a reasonable, prudent business man, to believe that Vandusen and Fletcher were engaged together in the purchase of the corn, and plaintiff, by reason thereof, sold the corn and took the individual note of J. B. Fletcher therefor, as and for both Fletcher and Vandusen, then the plaintiff is entitled to recover. If, from the evidence, you are satisfied that Vandusen and Fletcher were not partners, and the corn was sold to J. B. Fletcher alone, and for himself alone, and the note in suit taken as the individual note of said Fletcher, then your verdict should be for the defendant Vandusen.

"3. The note in suit, upon its face, is the individual note of J. B. Fletcher, but if from a preponderance of the evidence you are satisfied that the corn in question was sold to both of the defendants Fletcher and Vandusen, for them, and the note in suit taken as an evidence of indebtedness for said corn, so sold them, though the defendants may not have been partners in any general business, still the defendant Vandusen would be liable, and you should then find for plaintiff."

The court also submitted to the jury certain special interrogatories, which with the answers thereto are as follows:

"Int. 1. Was Albert Vandusen present, and did he take part in the purchase of the corn? Ans. Yes.

"Int. 2. Was Albert Vandusen jointly interested with Fletcher in the purchase of the corn? Ans. Yes.

"Int. 3. Did Fletcher, at the time of the execution of said note, represent to Seekell that said signature was the firm signature of Vandusen and himself as partners? Ans. No.

"Int. 4. Did Fletcher, at the time of making said note, represent that it was given on partnership account, in the business of the firm of Vandusen & Fletcher? Ans. Yes.

"Int. 5. Did plaintiff receive said note in the belief that

it was the firm note of Vandusen & Fletcher, given in business, and for the account of the firm? Ans. Yes.

"Int. 6. Did Albert Vandusen authorize J. B. Fletcher to execute said note for him? Ans. Yes."

Substantially the same interrogatories were requested by the defendant to be submitted to the jury. There were also others which the court refused, and we may here say .that we think such refusal was not erroneous. They were for the most part immaterial to the issue to be determined, and there was no abuse of discretion in refusing to submit any of those not submitted.

Returning to the question as to the correctness of these instructions, we may concede that they do not impress upon the minds of the jury, with that emphasis which they should, the pivotal question in the case, which is whether this note was taken by the plaintiff as the note of Fletcher and Vandusen, and whether Vandusen authorized Fletcher to execute it for him. And we may go further, and say that the fifth instruction asked by the defendant is more explicit, and the case would have been more clearly presented to the jury if it had been given. But the special interrogatories which were submitted and answered put the very questions of fact to the jury which they were required to find, to determine whether or not the defendant was liable. Taking these in connection with the instructions given; and the minds of the jury were correctly and pointedly directed to the very question to be determined.

There was direct evidence to sustain the answer to all of these interrogatories excepting the last, which was that Vandusen authorized Fletcher to execute the note for him. As to that question the jury were fully warranted in finding from his repeated admissions as to his liability upon the note, coupled with his joint liability upon the contract for the corn, that he authorized the note given as binding upon him. It is true there is a conflict in the evidence as to these admissions, but the jury may well have found that they were made.

That all the persons jointly interested in a written contract may be liable where one or more sign the same, if it was intended to bind all, and was so accepted, see *Barcroft, George & Co. v. Haworth*, 29 Iowa, 462. We find no error in this record.

AFFIRMED.