## DIAMOND TUNNEL GOLD & SILVER MIN. CO. ET AL. v. FAULKNER ET AL.

1. PRACTICE IN SUPREME COURT — A JOINT APPEAL NOT MAINTAIN-ABLE UNLESS EACH APPELLANT ENTITLED TO AN APPEAL.— Under the act of 1889, page 77, providing for appeals from courts of record to the supreme court, a joint appeal will not lie in any cause unless as to each appellant there exists a final judgment or decree amounting to the sum of $100, exclusive of costs, or relating to a franchise or freehold.   When, therefore, the only judgment rendered against a portion of the defendants is a judgment for costs, a joint appeal will be dismissed on motion of the appellee.

2. DISMISSAL OF APPEALS — IF THE MOTION THEREFOR CONTAIN SUF-FICIENT GROUNDS, THAT IT ALSO RECITE INSUFFICIENT GROUNDS CONSTITUTES NO WAIVER OF APPELLEE'S RIGHTS.— The appellee does not waive his right to have the appeal dismissed by asserting in his motion as an additional reason therefor that the purported transcript is scandalous and irregular, and cannot be treated as a transcript under the rules of the court.

*Appeal from District Court of Clear Creek County.*

MOTION to dismiss appeal.

A judgment for $900 was rendered against the Diamond Tunnel Gold & Silver Mining Company, but there was

no judgment for money against any of the other defendants. A joint appeal was prayed and allowed.

Mr. W. T. HUGHES, for appellants.

Messrs. MORRISON & FILLIUS, for appellees.

MR. JUSTICE HAYT delivered the opinion of the court.

By the law governing appeals to this court, in force at the time this appeal was taken, it is provided that " appeals to the supreme court from the district, county and superior courts shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of $100, or relate to a franchise or freehold." Sess. Laws 1889, p. 77.

The motion to dismiss the appeal is based principally upon the ground that as to said appellants, other than the Diamond Company, there was no final judgment or decree against them upon which an appeal would lie; that is to say, there was no final judgment or decree against such appellants or either of them, amounting to the sum of $100, exclusive of costs, or relating to a franchise or freehold. Appellee contends that, as the appeal is joint, it must be dismissed upon this motion unless all the defendants were entitled to an appeal. In support of this position the following decisions of this court are cited: *Andre v. Jones,* 1 Colo. 489; *Fuller v. Placer Co.* 5 Colo. 123.

In the first of the above cases Jones had recovered judgment against two defendants, who prayed and were allowed a joint appeal. Within the time given for such appeal, one of the defendants only filed the required bond, the other defendant not joining in the appeal. Upon the case reaching this court, a motion to dismiss the appeal was sustained, the court holding that, while the defendants might have prayed joint and several appeals, they did not do so, but both united in the only

appeal which was prayed, and that such a joint appeal could not be prosecuted by one alone. In the subsequent case of *Fuller v. Placer Co.*, *supra*, the case of *Andre v. Jones* was expressly affirmed, and it was further held that the statute of 1879, authorizing one of several defendants to remove a case to this court by appeal, and permitting him, in such case, to use the names of all the defendants if deemed necessary, did not affect the rule that a joint appeal by all the defendants must be prosecuted by all.

Applying the doctrine of these cases to the case at bar, it is clear that under the order of the court below, allowing a joint appeal, the appeal could not properly have been taken by a portion only of the defendants. It is equally clear from the statute that the defendants Woodward, Gay and Watkins were neither of them entitled to take an appeal, as an appeal will not lie from a judgment for costs only. A review in such case can only be had upon a writ of error.

The appeal must therefore be dismissed as to them, and if the company should be allowed to proceed in their absence it would be permitting a joint appeal by two or more to be prosecuted by one only. This, as we have seen, cannot be allowed without interfering with the long-established practice of this court. This rule grows out of the liability upon the appeal bond. The sureties upon the bond in this case have not obligated themselves to answer for the result of an appeal to be prosecuted by the corporation only, and appellees are therefore entitled to have the appeal dismissed, unless they have waived their right to insist upon this motion. *Brooks v. Jacksonville*, 1 Scam. 568; *Curry v. Hinman*, 3 Gilman, 90; *Orton v. Tilden*, 110 Ind. 131.

A waiver is claimed in this case because of the third reason assigned by appellees in support of the motion to dismiss the appeal, which is as follows: " (3) The instrument, purporting to be a transcript of the record, is so

scandalous, irregular and informal that it cannot be treated as such transcript, as is required by the rules of this court." It is difficult to see how this can be treated as a waiver. It is but another reason advanced in support of the motion to dismiss the appeal, and a party cannot be held to have waived that which he has been at all times insisting upon, and to which he otherwise appears to be entitled, simply because he advances a further reason therefor, which may not be considered good.

As the appeal must be dismissed for the reasons already given, it is not necessary to consider other objections.

*Dismissed.*