## MUELLER v. KELLY.

1. APPEAL BONDS.

The validity of an appeal bond does not depend upon the validity of the judgment appealed from.

2. SAME.

A party against whom a void judgment has been rendered may appeal, but if he does, he must, in order to protect his sureties from liability on the appeal bond, either prosecute his appeal with effect or pay the judgment.

3. SAME.

At the solicitation of parties desiring to appeal from a judgment, a stipulation was procured from the adverse party permitting them to file their appeal bond after the time allowed therefor had expired. The bond was filed in pursuance of the stipulation, but the appeal was afterwards dismissed for want of prosecution. *Held*, that the validity of the bond is not open to question on the ground that it was not filed within the time limited by the appellate order.

4. DISMISSAL OF APPEAL—AFFIRMANCE.

Where a dismissal of an appeal was made without prejudice to another appeal or writ of error, but no appeal or *supersedeas* was taken or allowed within thirty days thereafter, the dismissal is equivalent to an affirmance of the judgment.

*Error to the District Court of Pueblo County.*

Mr. A. W. LENNARD, for plaintiff in error.

Messrs. ARRINGTON & MCALINEY, for defendant in error.

THOMSON, J., delivered the opinion of the court.

The complaint sets forth that on the 23d day of June, 1892, the plaintiff, Heinrich Mueller, recovered judgment in the district court of Pueblo county against Carl Roth & Co. for $823.71; that Roth & Co. prayed an appeal from the judgment to this court, and for the purpose of perfecting their appeal executed and filed an appeal bond in the penal sum of $1,648, with the defendant Thomas Kelly, as surety, conditioned for the due prosecution of the appeal, and for

the payment of the judgment, costs, interest and damages, rendered and to be rendered against them, in case the judgment should be affirmed in the appellate court, which bond was duly approved by the clerk of the district court; that the appeal was afterwards dismissed by this court for failure in its prosecution on the part of Roth & Co.; and that execution was duly issued on the judgment against Roth & Co., and returned *nulla bona.* The complaint concludes with a prayer for judgment for the amount of the original judgment, interest and cost.

The defendant Kelly answered, alleging that the suit of Mueller against Roth & Co. was brought and tried in the district court of Pueblo county, and that upon the trial the jury returned a verdict in favor of Mueller and against Roth & Co. for $823.71; that Roth & Co. thereupon filed in the cause a motion for a new trial; that afterwards the parties to the suit, by their attorneys, appeared at Colorado Springs, before John Campbell, the judge of another district, and after stipulating that the motion should be heard before that judge at that place, and that any judgment rendered upon the motion might be communicated to the clerk of the Pueblo district court, and by him entered at Pueblo as the judgment of that court, and that all irregularities occurring in the matter of the motion and its hearing should be waived, submitted the motion to Judge Campbell for judgment; that Judge Campbell, having heard the arguments of counsel, and taken the questions submitted under advisement, denied the motion; that upon motion of the plaintiff the court ordered that judgment be entered in accordance with the verdict, which was done accordingly; that Roth & Co. duly excepted to the judgment and prayed an appeal to this court, which was granted upon condition that they execute an appeal bond within thirty days, to be approved by the clerk of the proper court; that the order granting the appeal was made on the 22d day of June, 1892; that the appeal bond was not filed within thirty days, and that the time for filing it was not extended by any order of the court or judge;

that afterwards, on the 10th day of August, 1892, the parties to the cause, by their respective attorneys, agreed and stipulated in writing that Roth & Co. should have until and including the 15th day of August, 1892, in which to file the bond; and that the stipulation' was nugatory and the bond filed in pursuance of it void.

The replication states, among other things, that the duly qualified and acting judge of the Pueblo district court was J. E. Elwell, and that at his request Judge Campbell held court for him, and presided at the trial of the case between Mueller and Roth & Co.

Upon the filing of the replication the defendant moved the court for judgment on the pleadings. The motion was sustained, and final judgment given against the plaintiff, who brings the case here by writ of error.

The argument in behalf of the defendant is, *first*, that the judgment having been rendered out of the district in which the cause was pending was void, as was also, for the same reason, the order granting the appeal, and that therefore all subsequent proceedings in the cause, including the appeal bond sued on, were likewise void; and, *second*, that as the appeal bond was not filed within the time fixed by the court, the appellate court acquired no jurisdiction of the appeal, notwithstanding the stipulation; that there was therefore no appeal, and the bond was a nullity.

I. It is not necessary for us to pass upon the question of the validity of the judgment appealed from. Appeals are allowed in all cases where the judgment is final, and amounts to the sum of $100 exclusive of costs, or relates to a franchise or freehold. Section 388, Civil Code. While it is true that a judgment which is absolutely void is open to collateral attack, and its character may be shown in any proceeding in which it is offered in evidence, yet it is also true that a party against whom a judgment is rendered, which he regards as void, may, if he so desires, seek to relieve himself from it by appeal, and its validity may be tested in the appellate

court.   To effect the appeal he must give an appeal bond, and to protect his sureties from liability upon the bond he must prosecute his appeal with effect, or pay the judgment appealed from.   The validity of the bond does not depend upon the validity of the judgment.

II.  The appeal bond was not filed within the time limited by the court, and we can readily agree with counsel in their observations upon the statutory character of appeals, and the steps necessary to give the appellate court jurisdiction, without accepting the conclusions which they reach upon the particular facts of this case.   The effect of an appeal bond is to stay proceedings upon the judgment until the appeal is disposed of.   At the solicitation of Roth & Co., a stipulation was procured from the adverse party permitting them to file their appeal bond after the time allowed had expired.   In pursuance of the stipulation, the bond was filed and approved. It must have been filed for the purpose of staying proceedings upon the judgment; it could have been filed for no other purpose; and the defendant, when he signed the bond as surety, is presumed to have known the object it was intended to accomplish.   It seems to have efficiently served the purpose for which it was designed, and after the full benefit of the stipulation, and of the bond executed in pursuance of it, has been taken and appropriated, it is too late to question the validity of the bond.   *Abbott v. Williams*, 15 Colo. 512.

No objection, either to the judgment or the bond, was taken during the pendency of the appeal.   The appeal was dismissed solely because of the failure in its prosecution, and the dismissal was made without prejudice to another appeal or writ of error, but no appeal or supersedeas was taken or allowed within thirty days after the dismissal.   The dismissal was therefore equivalent to an affirmance of the judgment. Code, section 397; *McMichael v. Groves*, 14 Colo. 540; *Shannon v. Dodge*, 18 Colo. 164; *Wilson v. Welch, ante*, p. 210.

The judgment against Roth & Co., having been thus affirmed on appeal, must be held to be a valid judgment; and the

judgment having been brought into this court by means of the bond, for that reason also the validity of the bond cannot now be inquired into.

Let the judgment be reversed.

*Reversed.*