Bissell, J.,
delivered the opinion of the court.
Judgment of nonsuit was entered against Creswell in the district court, and therefrom he prosecutes this appeal. He brought his action against Herr and Thomas, and alleged the recovery of a judgment in his favor against Phelps & Pennock, and the prosecution of an appeal by those parties to the district court from the county court in which it was rendered in July, 1892. He set up in hcec verba the bond which those parties gave on this appeal. It was in the form prescribed by the statute, recited the recovery of a judgment against Phelps for a sum named, and an appeal by Phelps to the district court, and as a condition that he should prosecute the appeal to effect and pay whatever costs or judgment might be awarded against him on trial or dismissal. The plaintiff then set up the dismissal of the appeal in May, 1893, the *186 filing of a transcript of the judgment, the suing out of an execution and its partial satisfaction. The amount unpaid was stated, a demand for payment and a prayer for judgment. The defendants demurred to the complaint on the general theory that according to its allegations the judgment appealed from appeared to be joint, while the bond was given to support a several appeal prosecuted by Phelps. The demurrer was overruled because the bond recited a several appeal by Phelps, and, barring any other proof, would permit a recovery. The defendants answered, admitted the execution of the instrument, but denied the taking of the appeal or the approval of the bond and controverted the dismissal. The defendants also denied the breach alleged and prayed that it be dismissed. When the case came on for trial, and the plaintiff undertook to prove his breach, and produced the clerk of the county court, with the execution and the return, together with other proofs showing the nonpayment of a part of the judgment, the examination of Dunlevy, who was clerk of the county court, in a measure, although not completely, exhibited the fact that the bond was given by Phelps to prosecute an appeal from a judgment which had been entered against himself and Pennock in the county court. Of course this fact was well known to the attorneys, but it had been theretofore measurably excluded from the record. Thereupon the defendants alleged surprise, and asked a continuance, which was granted, and they filed another answer, wherein they attempted to set up the suit against Phelps & Pennock, the character of the judgment as a joint one as contradistinguished from a several judgment against each, and a joint appeal prayed by both rather than a several appeal prayed by each.. The defendants conceded that Phelps as principal, and the defendant as surety, gave the bond for the purpose of taking an appeal to the district court, and an attempt to prosecute it. The defendants also averred that the appeal was dismissed in the district court because of the joint prayer and the giving of an individual undertaking and the attempt to prosecute an individual appeal by Phelps. The plaintiff moved for *187 judgment on the pleadings, which was denied, and the facts which have been before stated appeared in evidence. Of course it was useless to attempt to conceal the situation, and the plaintiff’s attorney admitted the general facts as they are outlined here, but insisted they were no defense to the bond.
On this proposition of law we quite agree with the appellant. It has, of course, been settled in this state that an appeal cannot be taken by one of several defendants, and successfully prosecuted, so long as the order granting the appeal grants it to the defendants jointly and not severally. In case of a joint appeal, it must be so prosecuted, or the appeal must ultimately be dismissed. The rule has been established in reference to appeals to the supreme court from the judgments of inferior courts, and we can conceive of no reason why the same rule should not be applicable to appeals from the county court. Diamond T. G. & S. M. Co. v. Faulkner, 14 Colo. 438.
It seems to be thoroughly settled both in this and other states that the liability of the sureties is as fully fixed by a dismissal of the appeal as by its prosecution to an adverse judgment. Thalheimer v. Crow, 13 Colo. 398; Mueller v. Kelly, 8 Colo. App. 527.
The only remaining question is whether, under circumstances like these, it is open to the surety to plead the joint character of the judgment and the joint character of the order allowing the appeal, and to insist that because the appeal was. joint and he gave the bond as upon an individual appeal, which occasioned the ultimate dismissal of the proceedings,, he may assert these facts to avoid his liability. We are of opinion this cannot be done. The recitals in the bond bind the surety, and he may not be heard to say the facts are not in accordance with the bond which he has executed, and that the judgment is joint rather than several. Having obligated himself to pay the judgment in case the appeal is not successfully prosecuted, he must answer under his contract when the appeal is ultimately dismissed. This has been adjudged in many cases where the questions have been pre *188 sented in divers forms. It has been applied to cases where appeals were prosecuted from unappealable orders and judgments, where bonds have been given after time, where there has been a failure to file a transcript in accordance with the statute or the orders of the court, and in fact in nearly all conceivable classes of cases wherein the appellant was unsuccessful in maintaining his right to further prosecute the suit. All the cases are based on the principle of estoppel, and the surety has been refused the right in all of them to be heard to say he was not bound by his contract because of the failure to obtain that for which the bond was given. Meserve v. Clark, 115 Ill. 580; Adams v. Thompson, 18 Neb. 541; Pratt v. Gilbert, 8 Utah, 54; Gudtner v. Kilpatrick, 14 Neb. 347; Skidmore v. Hull et al., 33 Mo. App. 41; Mueller v. Kelly, supra.
There are some cases which seem to hold a contrary doctrine, but they are not inconsistent with these authorities.. The opinions were rendered in states where the statutes were totally different from ours, and wherein the bond was void in case there was a failure to do what the statute provided. Many reasons can be urged why in such cases the sureties should not be estopped to assert the invalidity of their bond, and insist on the defense that because. the appellant had failed to secure the right of review the bond was not obligatory. These reasons do not exist under our statute, and we think those authorities totally inapplicable.
The court erred in entering a judgment as of nonsuit, and the judgment will be reversed and remanded.
Tteversed.