Thomson, J.
ON REHEARING.
This is a suit upon a bond executed for the purposes of an appeal. Judgment was rendered for the defendants upon the complaint, answer and replication. The following is what those pleadings show: The judgment from which the appeal was attempted was a judgment against the defendants annulling certain chattel mortgages and directing an accounting. The defendants, thinking to secure a reversal in the supreme court, prayed an appeal. The district court allowed the appeal, fixed a time for giving the bond, and approved the bond when it was given. The defendants attempted to prosecute their supposed appeal by lodging the proper transcript in the supreme court. When the case was finally reached in that tribunal, it was disposed of by the following order:
“Tsaac Livingston, Othelia Glass s and Z. Taub, Appellants,
“ Swofford Bros. Dry Goods Company et al., Appellees.
Appeal from the District Court of Pueblo County.
“ At this day come the parties hereto by their attorneys of record, and this cause coming on for oral argument, and it appearing that this court is without jurisdiction to hear and determine this cause, it is therefore ordered by the court, that the appeal herein be and is hereby dismissed for want of jurisdiction; and the clerk of this court is directed to transmit all files in this cause to the court of appeals if said appellant shall so elect to further prosecute.”
The following is’ a copy of the bond:
“ Know all men by these presents, That we, Isaac Livingston, Othelia Glass and Z. Taub, as principals, R. F. Lytle *259 as surety, ali except the said Livingston of the County of Pueblo and State of Colorado, are held and firmly bound unto S wofford Brothers Dry Goods Company, a corporation, and all others to this cause as plaintiffs named, in the penal sum of three thousand dollars, for the payment of which well and truly to be made we and each of us bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated at Pueblo, Colorado, this 26th day of February, in the year of our Lord, one thousand eight hundred and ninety-five. The condition of the above obligation is such, That, Whereas, the said Swofford Brothers Dry Goods Company, a corporation, and said other plaintiffs did, on the 13th day of January, one thousand eight hundred and ninety-five, at a term of the District Court, then being holden within and for the County of Pueblo, in the Tenth Judicial District of the State of Colorado, obtain a judgment and decree against the above bounded, Isaac Livingston, Othelia Glass and Z. Taub, setting aside and annulling certain chattel mortgages to them executed by I. S. Glass, bearing date June 15, 1894, for costs of suit and other relief, said case being numbered 4391. From which judgment and decree the said Isaac Livingston, Othelia Glass and Z. Taub have prayed for and obtained an appeal to the Supreme Court of said State of Colorado. Now if the said appellants, Isaac Livingston, Othelia Glass and Z. Taub, shall duly prosecute said appeal and shall pay to said Swofford Brothers Dry Goods Company et ah, the said appellees, all costs and damages that shall be adjudged to said appellees on said appeal, and also if said appellants will satisfy and perform the said judgment or order appealed from in case it shall be affirmed, and any judgment or order which the Supreme Court of said state may render, or order to be rendered, by the said District Court, not exceeding in amount or value the original judgment rendered in the District Court, then the above obligation *260 to be null and void, otherwise to remain in full force and virtue.
“ Isaac Livingston, [l. s.]
By Patrick & Essex, his Attorneys, [l. s.] “ Othelia Glass, [l. s.]
“ Z. Taub, [l. s.]
“ R. F. Lytle.” [l. s.]
The breaches assigned are the dismissal of the appeal, the neglect of the defendants to take another appeal or procure the allowance of another supersedeas within thirty days after the dismissal, and their failure to perform the judgment from which the appeal was taken.
Except where the controversy relates to a franchise or freehold, there is no appeal to, or writ of error from, the supreme court to review the final 'judgment of an inferior court, unless the judgment, or, in replevin, the value found, exceeds $2,500, exclusive of costs. Sec. 406a, Mills’ Ann. Code. The only appeal bond provided for by the statute is conditioned for the payment of the judgment, costs, interest and damages, if the judgment shall be affirmed, and for the due prosecution of the appeal. Mills’ Ann. Code, sec. 388. The controversy here does not relate to a franchise or freehold ; the case was not replevin ; and the judgment was for no specific sum. There could, therefore, be no appeal from that judgment to the supreme court. Except as to the due prosecution of the appeal, the conditions of the bond were not those required by the statute, and the bond was not a statutory obligation. There was no appeal, and all the proceedings by means of which an appeal was attempted, were void.
But conceding to the defendants that the appeal bond is not a compliance with the statute, and that everything done in connection with the attempted appeal was a nullity, they are not, therefore, excused from liability on their bond. That the bond fails of conformity with the statute, is not, of itself, available as a defense. There is no restriction upon the *261 liberty of parties to enter into lawful contracts; and an obligation assumed voluntarily, and for a sufficient consideration, if consistent with the policy of the law, and repugnant to no statutory provision, is valid at common law. Abbott v. Williams, 15 Colo. 512; Smith v. Stubbs, ante, p. 130; 63 Pac. Rep. 955. The defendants executed this bond voluntarily; the appeal they sought was allowed, and the bond approved. The stay of execution which resulted was an adequate consideration for the obligation; no condition of the bond is against public policy, or forbidden by the statutes, and, as a common-law obligation it is valid and enforcible in accordance with its terms.
The bond was executed for the purpose of staying proceedings upon the judgment; it accomplished its purpose; and the defendants cannot, after the full benefit of an appeal has been taken and appropriated, escape liability for the injury which resulted, by asserting its invalidity. They are estopped to deny that an appeal was taken, and that its effects was, while it was pending, to deprive the plaintiffs of the benefit of their judgment. Shannon v. Dodge, 18 Colo. 164; Mueller v. Kelly, 8 Colo. App. 527 ; Creswell v. Herr, 9 Colo. App. 185; Meserve v. Clark, 115 Ill. 580. We excerpt the following from the opinion in the case last cited, as being peculiarly applicable to the conditions existing here: “ It is clear the bond was filed by the parties executing it for the express purpose of taking an appeal from the judgment to this court. The bond itself recites that the appeal had been prayed for and obtained, and provides the bond is to be void if the appeal is prosecuted with effect, etc. These facts considered, the question is not whether the appeal was properly taken, for it is conceded it was not; but the question is, ought the appellant in a suit upon the bond, to be heard to say that no appeal was ever taken ? Upon what principle can she be permitted to question the truth of the recitals in that instrument ? The general rule unquestionably is, that the maker of a bond is bound by the recitals in it, whether they are true or false. * * * We see no reason why the bond in question is not' *262 valid as a voluntary contract. There is certainly no law prohibiting parties from entering into such an obligation, and the expenses incurred by appellee in defending the appeal on the faith of the bond, afford a sufficient consideration for entering into it.”
The supreme court, in dismissing the appeal, directed the transmission of the files in the cause to the court of appeals in case the defendants desired to further prosecute; and in their answer the defendants stated that they elected to prosecute further, and, accordingly, sued out a writ of error from the court of appeals, and caused the entire record to be filed in that court, where, at the time of answering, it was still pending. The case brought into the court of appeals by writ of error was a new suit. It was not a continuation of the appeal. The appeal had been dismissed, and a right of action upon the bond accrued to the plaintiffs at the time of the dismissal. But, in a suit upon the bond, the measure of damages, in case of a reversal by the court of appeals, and the measure of damages in case of an affirmance by that court, would be quite different.
The plaintiffs have assigned, as a breach of the conditions of the bond, the failure of the defendants to take another appeal or supersedeas within thirty days after the dismissal. The idea in the mind of the pleader seems to have been that from such failure an affirmance of the judgment resulted. For that assignment reliance is evidently had upon section 397 of the Code : “ The dismissal of an appeal may, by order of the court, be made without prejudice to another appeal or writ of error; but unless another appeal or supersedeas be taken or allowed within thirty days after such dismissal, the dismissal of an appeal or writ of error shall operate as an affirmance of the judgment of the trial court, so as to make the sureties upon the undertaking given by the appellant or plaintiff in error, liable on such undertaking.” Manifestly, that section was intended to apply only to an appeal of which the court would have jurisdiction if the case were properly before it, and the subject-matter of which might be brought *263 within its jurisdiction by further proceedings. But by no appeal or writ of error could the supreme court acquire jurisdiction of the case at bar.. Another appeal or supersedeas would be utterly useless; and for the reason that the court was absolute^ without jurisdiction to entertain an appeal or writ of error, or to make any order in the case, except an order dismissing the appeal, the dismissal could not operate as an affirmance of the judgment. That another appeal or supersedeas was not taken or allowed, was no breach of the conditions of the bond.
But the complaint charges that the appeal was dismissed. The bond was conditioned for the due prosecution of the appeal. By the due prosecution of the appeal is meant its effectual prosecution, and the dismissal was the result of a want of such prosecution. Charging the dismissal of the appeal was, therefore, equivalent to charging the failure of the defendants to prosecute their appeal effectually, and such failure was a breach of the conditions of the bond. A right of action upon the bond therefore accrued to the plaintiffs.
Let the judgment be reversed.

Reversed.