[No. 5019.]
[No. 2570 C. A.]

## TANQUARY v. HOWARD.

**1. Appellate Practice—Parties—Joint Appeal.**

Where a judgment or decree is rendered against two or more persons either one may take an appeal from or sue out a writ of error to such judgment and may use the names of all of said parties, but where a joint appeal is prayed for it must be prosecuted by all the parties against whom the judgment was rendered.

**2. Same—Appeal Bond.**

Where a judgment was rendered against two parties and a joint appeal was prayed, but one of the parties executed an appeal bond for himself only and prosecuted the appeal in his own behalf without using the name of the other judgment debtor, such appeal will be dismissed and cannot be redocketed on error.

*Appeal from the District Court of Arapahoe County:
Hon. Booth M. Malone, Judge.*

Messrs. WARD & WARD and Mr. CHARLES ROACH, for appellant.

Messrs. ALLEN & WEBSTER and Mr. HENRY HOWARD, JR., for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The judgment was for the appellee and against the appellant Tanquary and F. E. Carringer jointly. To this judgment they excepted and jointly prayed an appeal which was allowed upon condition that they file a prescribed appeal bond. Carringer, the other judgment debtor, did not, by himself or any other person, sign the appeal bond. It was executed by Tanquary, and for himself only. Tanquary did not pray for nor was a separate appeal granted to him. He prosecutes this appeal in his own behalf and in his own name, without using the name of the other judgment debtor.

Section 400 of our Civil Code provides that in all cases where a judgment or decree shall be rendered against two or more persons, either one may remove the suit to the supreme court by appeal or writ of error; and for that purpose may use the name of all of said persons, if necessary. This section, in substance, is the same as section 30, page 227, Session Laws 1879, which was construed in *Diamond Tunnel G. & S. M. Co. et al. v. Faulkner*, 14 Colo. 438, wherein, referring with approval to its previous decisions, this court held that the permission given by this section did not affect the rule that a joint appeal by all the defendants must be prosecuted by all. *Andre v. Jones*, 1 Colo. 489; *Fuller v. S. R. Placer Co.*, 5 Colo. 123. Our court of appeals has

announced the same doctrine in *Creswell v. Herr,* 9 Colo. App. 185; and, by necessary implication, in *Campbell v. Securities Co.,* 12 Colo. App. 544. This seems to be the general rule in the absence of a statute to the contrary.—American Digest (Century ed.), vol. 2, § 1811; *McIntyre v. Sholty et al.,* 139 Ill. 171.

This cause cannot be entered as pending on writ of error under section 388a, Mills' Code, because the same objection to the prosecution of a joint appeal by one of two or more ·judgment debtors without joining the others applies to a writ of error. The appeal therefore must be dismissed, and the cause remanded. .

*Appeal dismissed.*

CHIEF JUSTICE GABBERT and MR. JUSTICE STEELE concur.