R. S. THOMAS, Appellee, v. HARDSOCG & BURTON ET AL., Defendants, MARTIN HARDSOCG, Appellant.

**Partnership:** AUTHORITY OF MANAGING PARTNER: · LIABILITY OF FIRM. One dealing with a firm has a right to rely on the provisions of the written articles of the partnership exhibited to him; and when the same expressly provides that a designated partner shall have the. management and control of the firm business, a partnership liability attaches for articles purchased for the benefit of the firm, although a note is executed therefor by the managing partner alone; and such liability cannot be evaded by showing a subsequent change in the articles limiting the manager's authority, of which the seller had no notice.

*Appeal from Wapello District Court.*— HON. F. W. EICHEL-BERGER, Judge.

TUESDAY, MARCH 10, 1908.

ACTION at law to recover the purchase price of two car loads of corn which plaintiff alleges that he sold and delivered to Hardsocg & Burton, a firm composed of Martin Hardsocg and L. D. Burton.   The said firm and the individual members thereof were made defendants.   Trial was had to the court without the aid of a jury, resulting in judgment in favor of plaintiff against each of the defendants. The defendant Martin Hardsocg alone appeals.— *Affirmed.*

*Work & Work,* for appellant.

*A. B. Williams* and *A. W. Enoch,* for appellee.

BISHOP, J.— On January 1, 1903, the firm of Hardsocg & Burton was organized to do a general live stock business. The agreement therefor was reduced to writing, and therein it is recited, among other things, that the partnership shall continue until January 1, 1905; that Burton shall manage the business, " assuming complete control of all departments, and to furnish a sufficient amount of capital for the purchase of stock," etc.; that Hardsocg shall turn over to the partnership all farm and pasture lands owned by him in Wapello county, " and to purchase such feeds as the second party (Burton) deems advisable." An equal division of the profits from the business is provided for. It appears that the business was at once entered upon, stock was purchased and placed upon the farms, and from time to time feed was purchased as the needs of such stock required. Burton made the purchases, and as a rule gave to the person purchased from an order on Hardsocg, which the latter honored and paid. In December, 1903, Burton approached plaintiff, and requested a sale to the partnership of a lot of corn. He explained the partnership relation, and showed plaintiff the written agreement providing for such relation. Plaintiff made the sale, and the corn was delivered at the Hardsocg farm, where it was fed out to the stock. At the time of the sale Burton explained that the firm had no ready money, and he gave to plaintiff a demand note signed by himself alone for the purchase price. And this was with the understanding that such note would amount to a memorandum of the sale, the price to be paid, etc. On May 12, 1904, a further sale of corn was made by plaintiff under like circumstances. This action was brought to recover the purchase price of said corn. Hardsocg appeared for himself and the firm, and, in answer, denied the purchase of any corn by the firm from plaintiff. Further denied that, under the partnership agreement, Burton had any right or authority to purchase corn

on credit and charge him, said defendant, or the said firm with the expense thereof.    Further, it is alleged that in October, 1903, the partnership articles were modified by oral agreement, so that thereafter all feed was to be furnished by Burton " on his own individual account during the time he should thereafter hold and keep said stock, and deduct the purchase price and value of feed he should so furnish, and said Hardsocg to furnish the pasture, and after deducting the purchase price and feed furnished by said Burton, and the feed theretofore furnished by said Hardsocg, divide the surplus upon sale or other disposition of said stock with said Hardsocg; that thereafter the business of said contract was conducted under the new and modified contract, and final settlements made accordingly; that said Hardsocg was not a partner of said Burton, nor did said Burton have the authority at any time to purchase feed for said stock, and especially so after the date last above named."    In reply, plaintiff denied knowledge of any change in the partnership agreement; alleged that the sales of corn by him were known to and approved by Hardsocg as in the interest of the partnership.

For a reversal, defendant relies solely upon error of the court in finding that the purchases of corn from plaintiff were partnership transactions.    We think there was no error.    Plaintiff had a right to rely upon the provisions of the written articles shown him.    By such articles he was advised that Burton was general manager and in complete control of the business of the firm.    And Hardsocg puts construction on this provision by saying in the course of his testimony:    "I depended on him (Burton to do the buying of the feed for these cattle."    " I was to pay for the feed."    " He did that right along, and I paid the bills."    Now, the articles contain no provision forbidding Burton to pledge the credit of the firm, and in the absence of such provision his authority to do so is not open to doubt.    *Baxter v. Rollins,* 99 Iowa, 226.    That he (Burton) intended to bind the firm

in the transactions with plaintiff appears from his own testimony as a witness, and such was the understanding of plaintiff. Under the circumstances it cannot be material that the notes were signed only by Burton. They were given and accepted for property purchased for the firm, and intended to represent firm obligations, and they must be considered as having that effect. *Seekell v. Fletcher,* 53 Iowa, 330; *Barcroft v. Haworth,* 29 Iowa, 462. The oral change in the articles pleaded by defendant cannot be given force to defeat a recovery by plaintiff. The articles gave notice that the business would be continued for two years, and it was being conducted with Burton in charge at the time of the transactions with plaintiff. And there is not a suggestion in the evidence that plaintiff was given notice of any change by which his rights could be affected.

The judgment against the firm is in full force because not appealed from, and we think the judgment against Hardsocg should be approved.— *Affirmed.*