Kiwg, J.,
delivered the opinion of the court.
Judgment was obtained in the district court of the county of Otero against the defendants, jointly, as copartners, under the firm name and style of Tate and Smith, the firm consisting of Thomas Tate and L. B. Smith. From this judgment defendants prayed a joint appeal to the supreme court which was allowed on condition that within thirty days they “file bond in the sum of three thousand dollars.” Within the time specified, the defendants filed, their appeal bond, the portions of which deemed necessary for consideration, are as follows:
“Know All Men By These Presents, that we, Thomas Tate and L. B. Smith, as principal, and J. F. Hardy and Thomas Conyers, as sureties, * * are held and firmly bound unto John H. Holly and Samuel T. Grimsley, copartnérs under the firm name and style of Holly and Grimsley, in the penal sum of three thousand dollars. * * The condition of the above obligation is such that whereas the said * * copartners * * did * * obtain a judgment against the above bounden Thomas Tate and L. B. Smith, copartners under the firm name and *453 style of Tate and Smith, # * from which they, the said Thomas Tate and L. B. Smith, copartners under the firm name and style of Tate and 'Smith, have prayed for and obtained an appeal to the supreme court of said state of Caolorado. Now if the said Thomas Tate and L. B. Smith, copartners under the firm name and style of Tate and Smith, shall duly prosecute said appeal, and shall moreover pay the amount of the said judgment, costs, interest and damages, rendered and to be rendered against Thomas Tate and L. B. Smith, copartners under the firm name and style of Tate and Smith, * * then the above obligation to be null and void,” etc.
This bond was signed by Tate, one of the co-partners, and by Hardy and Conyers, and approved. Motion was made to dismiss the appeal upon the ground that the appeal has been and is being prosecuted by Thomas Tate, only, from a judgment that was joint, and upon an appeal that was prayed for and allowed as a joint appeal, the motion being based upon the fact that the bond was not signed by both Tate and Smith. The code provision relative to appeals to the supreme court was that, “The party praying for such appeal shall, by himself, his .agent or attorney, give bond with sufficient surety,” etc. It is contended by counsel for appellees that the failure of Smith, one of the defendant copartners, to sign the appeal bond, is of itself conclusive evidence of his failure to prosecute, and his abandonment of the appeal, and he cites as authority a number of decisions of the supreme court of this state which seem to sustain his position, namely, Andre v. Jones, 1 Colo. 489; Fuller et al. v. Swan River *454 Placer Co., 5 Colo. 123; Diamond Tunnel Gold and Silver Min. Co. v. Faulkner et al., 14 Colo. 438; Creswell v. Herr, 9 Colo. App. 185; Tanquary v. Howard, 35 Colo. 125. But they support him only to the extent of holding that failure of some of the appellants to join in the appeal bond was, under the conditions present in those cases, sufficient evidence of failure to prosecute the appeal. In none of those cases, however, are the conditions such as exist in the case now under consideration, either as to the fact of the judgment debtors’ and appellants’ being copartners, or in the recitations of the bond. In this case the party praying the appeal was a copartnership. Each member of a partnership is, in legal contemplation, not only a principal, but a general agent for the firm, and for all of the copartners, in the transaction of their company’s business, and all are regarded as being present and sanctioning the engagements of each on partnership affairs. — 30 Cyc. 491; Burgan v. Lyell, 2 Mich. 102, 55 Am. Dec. 53. Therefore, the appellant, Tate, was, pro hac vice, the agent for his firm, and also for his partner, Smith, and his action in signing and procuring the execution of the foregoing bond was a sufficient compliance with the order of the court, and with the provision of the code that, “the party praying for such appeal shall, by himself, his agent or attorney, give bond with sufficient surety,” etc. The recitation of the bond sufficiently shows that the appeal was taken, was being prosecuted, and the bond given by the copartners. It conditions were for the prosecution of the appeal by the partnership as such. This is supported by the affidavit of the attorney for the appellants, who was also attorney upon the trial, that at all times, *455 including the taking of the appeal and the filing of the bond, he acted for appellants as copartners, that Smith’s failure to sign the bond was caused by his absence, and that neither had abandoned the appeal. The record evidence is opposed to the contention of counsel for appellees. For the reasons stated the motion will be denied.
The contention is made by counsel for appellees in his reply argument, although not raised by the motion, that because Smith did not sign the bond the sureties will not be liable to appellees in case the decision of the trial court shall be affirmed or the appeal dismissed, and cites in support .thereof, City of Sacramento v. Dunlap, 14 Cal. 422, in which the court held that sureties upon the bond of a city official, not signed by the principal, were not liable. Other courts in similar circumstances have held that if such official take the oath of office and enter upon the discharge of the duties thereof, both he and his sureties become liable upon the bond in case of the default of the principal. The bond now under consideration recites that Tate and Smith “as principal, ’ ’ together with the sureties named, are held and firmly bound; that both principal and sureties shall be liable in case the copartnership of said Tate and Smith shall fail to prosecute the appeal, or the judgment be against them or the appeal dismissed. It appears to be a partnership contract although signed by only one of the partners. A partner may bind the firm by a contract in his name when it is shown to be a partnership contract. — 30 Cyc. 485; Barcroft et al. v. Haworth, 29 Ia. 462; Hopkins v. Thomas, 61 Mich. 389; Seekell v. Fletcher, 53 Ia. 330; Beckwith v. Mace, 140 Mich. 157; Burnley v. Rice et al., *456 18 Tex. 481; Snead v. Barringer & Rhodes, 1 Stew. Rep. (Ala.) 134. It appears by tbe statement in the justification of tbe sureties attached to the bond that they signed it, knowing at the time that it was signed and to be signed by Tate, only. Upon the evidence now before this court no serious question of the liability of the sureties, for the re.ason assigned, is disclosed. In order to avoid the possibility of doubt upon that question, the appellants are allowed and directed to cause said appeal bond to be amended by the addition of the signature of appellant, Smith, or otherwise, as appellants may be advised, a certified copy of the instrument as amended to be filed with the clerk of this court. The motion to dismiss the appeal.is overruled.