Submitted on briefs June 19, affirmed July 3, rehearing denied July 24, 1917.

## GONG v. TOY.*

(166 Pac. 50.)

**Partnership—Requisites.**

1. A partnership for the purpose of raising a crop of hops does not exist between two men where one of them has exclusive authority to sell the crop, the principal property of the concern.

[As to mutual agency as necessary condition to a partnership, see note in 115 Am. St. Rep. 413.]

**Master and Servant—Pleading—Variance.**

2. In an action to recover a fixed sum per month as wages for services as a farm laborer in raising hops, plaintiff must prove contract as alleged, and cannot recover where it appears that he was to be paid for his labor only out of the proceeds of the crop.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc. Statement by MR. JUSTICE BURNETT.

Toy brought an action against Gong to recover wages at $75 a month for services during a period of

---

*Generally on the question of effect of agreement to share profits to create a partnership, see comprehensive note on the different phases of the question in 18 L. R. A. (N. S.) 963.          REPORTER.

85 Or.—14

eight months and eighteen days as a farm laborer in raising hops. Gong, claiming that they were partners in the business, brought this cross-bill in equity alleging in substance that he had a lease from the owner of the hopyard dated February 26, 1915; that afterwards he entered into an agreement of partnership with the defendant whereby Gong was to furnish all the money necessary to cultivate and harvest the crop grown on the premises for the year 1915; Toy to furnish the labor in cultivating and curing the crop: the portion of hops coming to the plaintiff under the lease with the original landlord to be sold by the plaintiff from the proceeds of which the expenses were to be paid; plaintiff to be reimbursed for his advances and the remainder divided between both parties, share and share alike; and the losses to be borne by each party equally if the venture proved unsuccessful. He alleges that the crop was unprofitable to the extent of about $700; that no account has been made by the defendant; that he refused to settle and that the services rendered by Toy to the partnership are the very ones described in his action. Contending that he has no plain, complete, or adequate remedy at law, Gong prays for a decree dissolving the partnership and for an accounting.

The answer merely traverses the cross-bill. The Circuit Court found that there was no partnership and dismissed the bill, and Gong appeals.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Smith & Shields* and *Mr. Walter C. Winslow.*

For respondent there was a brief over the name of *Messrs. Carson & Brown.*

Mr. Justice Burnett delivered the opinion of the court.

1. The plaintiff and his son testified to a partnership between the present litigants. There were six Americans who gave evidence of various transactions wherein Gong and Toy acted together as partners. These six witnesses also related instances in which Toy said he was a partner with Gong in the operation of the hop-yard. Opposed to this is the denial of Toy together with the statement of two Caucasian witnesses who declared that Gong said Toy was working for him. Gong, however, admits that he had the control of the sale of the hops and that Toy had no authority for that purpose. The rule is thus laid down in 30 Cyc., p. 446:

"In the absence of any special stipulation between the partners on the subject, every partner is entitled to take part in the management of the business; and in case of difference of opinion as to such management, the majority govern. These rules may be modified, however, by the partnership contract, or by the subsequent agreement or conduct of the partners. Thus the control of one part of the business may be committed to one member of the firm, while that of a different part is turned over to another partner. It may be stipulated, too, that in case of difference of opinion the decision of a single partner may be final":

*Haller* v. *Willamowicz*, 23 Ark. 566; *McAlpine* v. *Millen*, 104 Minn. 289 (116 N. W. 583); *Thomas* v. *Hardsocg*, 137 Iowa, 597 (115 N. W. 210); *Morgan* v. *Child* (Utah), 155 Pac. 451. It would seem that two individuals may contract to place their money, effects, labor, and skill, or some or all of them, in a lawful concern or business and to divide the profits and bear the loss in certain proportion which would constitute a partnership within the meaning of *Cogswell* v. *Wil-*

*son,* 11 Or. 371 (4 Pac. 1130). Further, it is not apparent why as between themselves they could not lawfully contract that each should have control of certain parts of the business of the concern to the exclusion of the other partner, there being nothing unlawful in such a convention. However, the case of *Hanthorn* v. *Quinn,* 42 Or. 1 (69 Pac. 817), controls the present suit on the doctrine of *stare decisis,* for it is there held in substance that a partnership does not exist between partners associated in a common undertaking unless each one has the right to manage the whole business and to dispose of the entire property involved in the enterprise for its purpose in the same manner and with the same power as all can when acting together. It being admitted by Gong that he alone had the authority to sell the crop, the principal property of the concern, and that Toy had no right to dispose of it brings the instant case within the doctrine of *Hanthorn* v. *Quinn,* 42 Or. 1 (69 Pac. 817), which must control us.

2. There are decisions, however, which hold that the compensation of an employee may be made to depend upon the venture being successful so that payment for his services shall be made only out of net profits. If such was the arrangement between these parties, Gong has a plain, speedy, and adequate remedy at law. If Toy would recover a certain salary a month or the *quantum meruit* for his services, he must prevail in accordance with the allegation of his complaint or not at all. If the contract between the parties was a partnership, or to the effect that he was to be paid only out of the net proceeds it would be enough to defeat his law action as laid if properly pleaded in defense, because such an agreement would not correspond with the averments of his complaint. An accounting in equity is necessary only to settle a true partnership.

On the authority of *Hanthorn* v. *Quinn,* the decree of the Circuit Court is affirmed without costs to either party.                                              AFFIRMED.