## EDWARDS v. POMEROY ET AL.

An instrument in attachment proceeding conditioned: "If the said attachment be dissolved and discharged, that he will, on demand, pay to the plaintiff the amount of any judgment that may be recovered against the defendant, not exceeding the sum of $2,500," *held* not to be in conformity with the statute (section 114, Code 1883), nor could recovery be had upon it considered as a common law obligation, the condition upon which it was executed not having been complied with.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Messrs. LIPSCOMB and LIPSCOMB for plaintiff in error — *ex parte.*

BECK, C. J.   This is an action upon an undertaking executed in an attachment proceeding.

Plaintiff in error brought suit against M. M. Pomeroy, one of the defendants in error, causing an attachment to be issued and levied upon personal property, when the undertaking in question was executed by said Pomeroy, as principal, and the defendants in error, Whitaker and Russell, as sureties, and delivered to the sheriff, whereupon he released the property attached.   The cause then proceeded to trial and the plaintiffs recovered judgment for the sum of $1,573.90 and costs of suit.   Execution issued, and the sum of $174.36 was collected thereon, and the writ was returned unsatisfied as to the balance. It is now sought by the present suit upon the bond to recover from the principal and sureties therein the amount remaining unpaid upon said judgment.   This instrument is declared upon, in the complaint, as a statutory undertaking in attachment, but it is neither set out *in hæc verba*, nor made an exhibit in the pleading.   The complaint purports to state its legal effect, alleging that said Pomeroy expressed to the sheriff his desire to have the

property discharged and released from the attachment writ, and that for this purpose he and the said sureties executed and delivered to the sheriff the said undertaking, "whereby they and each of them undertook, promised and agreed that they would, on demand, pay to the plaintiff the amount of any judgment that might be recovered against the said Pomeroy in said attachment suit, not exceeding the sum of $2,500."

The defense interposed was, that the defendants never executed an undertaking of the purport and effect declared on. Upon the production of the bond at the trial below, and the offer to introduce it in evidence on the part of the plaintiff, it was excluded by the court, on the ground that it had not been described in the complaint according to its legal effect. The plaintiff was thereupon non-suited. These rulings are assigned for error, and raise the principal questions involved in the case.

Section 114 of the chapter on attachments in the Code of Civil Procedure, Comp. 1883, being section 112 of the original act, provided that the sheriff should require, before releasing property attached, an undertaking conditioned that, if the attachment should not be dissolved, and if the plaintiff should recover judgment in the action, the property so released should be redelivered to the proper officer to be applied to the payment of the judgment, or, in default thereof, that the defendant and his sureties should pay to the plaintiff the full value of the property so released.

Upon inspection of a copy of the instrument sought to be introduced in evidence as the undertaking sued on, we find that it contains no such covenants or conditions as are required of the statutory undertaking, or as, by the complaint, this bond is alleged to contain. Its purpose, as there stated, was not to effect the release of the property attached, but "the discharge of said attachment." It was not conditioned that, if the attachment should not be dissolved, and if the plaintiff should recover

judgment in the action, the property released should be redelivered to the officer, to be applied to the payment of the judgment, and, in default thereof, that defendant and his sureties would pay to the plaintiff the full value of the property, but the condition is: "If the said attachment be dissolved and discharged, that we will, on demand, pay to the plaintiff the amount of any judgment that may be recovered against the defendant, not exceeding the sum of $2,500."

Counsel for plaintiff in error are correct in their interpretation of the statute, and in the views expressed respecting the purpose and effect of the statutory undertaking required to be taken by the sheriff in cases of this character. The design and effect of such instrument is to release the property attached, but not to discharge the attachment. The obligation becomes absolute if the attachment be sustained and the plaintiff recover judgment. In such case the property must either be returned to the officer, or the value thereof must be paid to the plaintiff.

It is plain that this undertaking does not conform to the statute, and is not enforcible in this proceeding as a statutory obligation. Upon its face the obligation is based upon the *discharge* of the attachment, whereas the statutory obligation only becomes effective if the attachment be *sustained*.

The complaint in this case is framed on the theory of a right to recover, because the attachment was not discharged, and the record recites the admission that it was not discharged. The suggestion of counsel to the effect that the word "not" was inadvertently omitted, and should be supplied by the court, between the words "be" and "dissolved," in the phrase "*do undertake that if the said attachment be dissolved and discharged that we will, on demand, pay to the plaintiff, etc.*," is not tenable. We find nothing in the instrument supporting such an inference.

In support of the theory that it was the intention of the defendants to execute a statutory obligation, plaintiff's counsel point out the following sentence contained in the instrument offered in evidence: " And, whereas, defendant desires the discharge of said attachment on giving security according to section 110, page 47, amended." The latter part of the above sentence is unintelligible, and there is nothing in the record to explain its meaning. No authorized edition of code or statute contains any provision for the giving of security, at the page and section mentioned.

It is also clear that no recovery can be had upon this bond, considered as a common law obligation, for the reason that the condition upon which it was executed — the discharge of the attachment — was not complied with.

*Affirmed.*