## Abbott et al. v. Williams.

1. Voluntary Obligation, When Binding.— As a general rule, a voluntary obligation founded upon a valid consideration is enforceable according to its terms and provisions, unless the same be against public policy, or forbidden by statute.

2. Release of Attached Property Upon Undertaking.— The sheriff has no authority to accept an undertaking for the release of money garnished, nor to execute a release for money in the hands of a garnishee, such property not being "in the hands of the sheriff." Code, §§ 111, 112. Nevertheless, where parties, through the instrumentality of an undertaking executed by them, *procure money from the garnishee,* they, having thus received the benefit of the undertaking, cannot be heard to deny its binding obligation upon themselves upon the happening of the contingencies therein provided for.

3. Authority of an Attorney, How Questioned.— The authority of an attorney to appear for a party in a court of record must be questioned, if at all, in proper time and manner.

*Error to Superior Court of Denver.*

The facts necessary to an understanding of the opinion may be stated, in substance, as follows: Williams, the defendant in error, commenced suit against Given and Abbott, and caused the Denver & Rio Grande Railway Company to be garnished in the sum of $485. To obtain a release of

this money, an undertaking, in substance, like a redelivery undertaking in attachment was executed by Abbott, Longinetti and Mazza, whereby, in consideration of the releasing of the money, they undertook and promised to the effect that in case the plaintiff recovered judgment in the action and the attachment was not dissolved, the defendant would, on demand, redeliver the money to the proper officer, or, in default thereof, that said defendant and his sureties would pay, or cause to be paid, to the plaintiff, the full amount of money so released. Upon receipt of the undertaking by the sheriff, he executed a writing to the garnishee, reciting that the money garnished in its hands was released, and thereupon the same was paid over to Abbott.

Williams subsequently obtained judgment in the action for the sum of $480, including costs, and the attachment was sustained. Abbott, on demand from the sheriff for a redelivery of the money so released to be applied in satisfaction of the judgment, made default. Williams thereupon brought an action upon the undertaking, and recovered judgment thereon against Abbott and his sureties. This writ of error is prosecuted to reverse the latter judgment.

Messrs. JOHN A. DEWEESE and Ross & DEWEESE, for plaintiffs in error.

Mr. L. B. FRANCE, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

It is contended by counsel for plaintiffs in error that the sheriff has no authority to accept an undertaking for the release of money garnished, nor to execute a release for money in the hands of a garnishee; that the authority of the sheriff to accept an undertaking and release attached property is expressly limited to property "in the hands of the sheriff." Code, §§ 111, 112.

Conceding that counsel have properly construed the code provisions above cited, and that the sheriff did not have the

power or authority, *as a matter of law*, to release the money in the hands of the garnishee, nevertheless, *as a matter of fact*, plaintiffs in error, through the instrumentality of the undertaking executed by them, *did procure the money from the garnishee*, and having thus received the full benefit of the undertaking, they cannot be heard to deny its binding obligation upon themselves upon the happening of the contingencies therein provided for.

It is a general rule that a voluntary obligation founded upon a valid consideration is enforceable according to its terms and provisions, unless the same be against public policy, or forbidden by statute. *Hardesty v. Price*, 3 Colo. 556, and cases there cited; *Edwards v. Pomeroy*, 8 Colo. 254; *Johnson v. Weatherwax*, 9 Kan. 75; *Garretson v. Reeder*, 23 Iowa, 21.

From the record it appears that the undertaking sued on was entered into voluntarily by plaintiffs in error, with full knowledge of its purposes. The release of the money from the process of garnishment, and the delivery thereof to Abbott, was a good consideration for the promise to redeliver to the sheriff, or to pay the same to plaintiff, in case his attachment against Abbott should be sustained. The giving of the undertaking for the release of the money in the hands of the garnishee, though not provided for by the code, was not against public policy; nor was it forbidden by statute. It was at most an unwarranted extension of the provisions of the attachment act, of which the plaintiff might justly complain, and which, if done without his consent, might be no protection to the sheriff or the garnishee. But the plaintiff is not here complaining. On the contrary, he is asking the enforcement of the undertaking, and so, in a certain sense, may be said to have ratified the same *ab initio*.

The cases cited by counsel for plaintiffs in error do not militate against the views above expressed. In the case of *People v. Meigham*, 1 Hill, 298, the action on the bond was defeated because the same was not in conformity to the statute; but the reasons given for the decision fully support

our conclusions. Mr. Justice Cowen says: "At the common law we might have saved the good, while we rejected the bad, part of the bond; or perhaps it might have been valid for the whole. Of this it is not necessary to inquire; for 2 R. S. p. 214, § 60 (2d ed.), absolutely destroys all and every part of any bond, taken by any officer by color of his office, in any other case or manner than such as are provided by law." As above stated, we have no such statute.

The decision in the case of *Henry v. Mining Co.* 10 Fed. Rep. 11, seems to have been based upon an application to the court to discharge the garnishee upon giving the undertaking provided by the code. While the court refused to order the money in the hands of the garnishee to be released, it does not by any means follow that, if the money had been so released, the parties executing the undertaking could have avoided their obligation on the ground that the court was without authority to make the order.

A demurrer was sustained to the second defense of the answer; and this ruling is assigned for error. The defense consisted mainly of legal argument. The averment to the effect that, at the time of answering, an action was pending. in which Williams was seeking to recover of the Denver & Rio Grande Railway Company the money garnished in its hands as due to Abbott, was clearly insufficient. It did not show that any judgment or satisfaction had been obtained thereon. The averment that "no money was ever received by said defendant Abbott, or either of said defendants, in consideration of executing said writing, and that said sheriff could not release the Denver & Rio Grande Railway Company," was evidently regarded by the trial court as nothing more than a denial of the allegations of the complaint. It is clear that no substantial right was affected by sustaining the demurrer. The proof at the trial was positive and uncontradicted that the money garnished was actually paid over to Abbott upon the execution of the undertaking.

The offer to show on the trial that Mr. France was representing the plaintiff, Williams, as his attorney, without

authority, was properly refused. It was not the proper time nor manner of questioning the authority of an attorney to appear for another   *Williams v. Canal Co.* 13 Colo. 469; *Dillon v. Rand, ante,* 372.

The remaining assignments of error do not require consideration. The judgment of the superior court is affirmed.

*Affirmed.*