COWAN ET AL., APPELLANTS, v. COWAN, APPELLEE.

APPEAL BONDS—LIABILITY OF SURETIES.
Where the order appealed from provided, among other things, that the appellant should make certain monthly payments to the appellee, and the condition of the appeal bond was that the appellant " will satisfy and perform the judgment and order appealed from in case the same shall be confirmed:" *Held*, that the sureties are not liable for the satisfaction or performance of the judgment with respect to installments payable after affirmance.

*Appeal from the District Court of Arapahoe County.*

ON the 6th day of November, 1889, appellee instituted this action in the district court of Arapahoe county to enforce an alleged liability against the appellants upon an undertaking on appeal. The facts upon which appellee predicates her right to recover are in substance as follows:

On the first day of June, 1886, in a certain action for divorce then pending in the district court of Arapahoe county, wherein Laura Cowan was plaintiff and Edwin R. Cowan was defendant, a certain order granting alimony, *pendente lite*, was made, in words and figures as follows:

" It is ordered, adjudged and decreed that on or before the 15th day of June, 1886, the said defendant deposit with

the clerk of this court the sum of $100 for the use and benefit of the plaintiff for her costs herein to accrue or which may accrue in said cause; also for the plaintiff personally, for her personal use and benefit, the sum of $50.00; also the further sum of $300 for plaintiff's counsel and attorney's fees herein, each and every of the aforesaid payments to be made on or before the 15th day of June.

"It is further ordered, adjudged and decreed that on this 1st day of June, and. every calendar month *during the pendency of this suit, and so until the further order of the court,* the defendant pay to the clerk of this court for the plaintiff personally the sum of $25.00; that the defendant also, from this time forthwith, in addition to the monthly allowance due, furnish for the plaintiff and her children all reasonable food, fuel and clothing, or provide for her obtaining the same on his credit, and allow to her and said children the use of the house and residence mentioned in the pleadings herein and now occupied by them, and the furniture and furnishings therein as their abiding place and home, without let or hindrance; and in case of failure of the said defendant to furnish food, fuel and clothing as aforesaid or to furnish credit whereon and whereby plaintiff may procure the same, plaintiff has leave, without additional showing, to apply for an increase of the aforesaid monthly allowance; this without prejudice to the rights of either party hereafter to apply for a modification of this order as far as the aforesaid monthly allowance is concerned.

"It is further adjudged and decreed that in case of failure on the part of the defendant to pay any one or more of the aforesaid sums of money, or any monthly allowance aforesaid, the plaintiff may have execution to collect the same, with costs of issuing said execution, to be taxed without prejudice to her rights to proceed against the defendant as for contempt."

The defendant Cowan prayed an appeal from said order to the supreme court, and on the 14th day of June, 1886, he

as principal, and Michael J. McNamara and J. J. Walley as sureties, made and executed the following undertaking:

"Know All Men by These Presents, That we, Edwin R. Cowan, Michael J. McNamara and John J. Walley, of the County of Arapahoe and State of Colorado, are held and firmly bound unto Laura Cowan in the penal sum of fifteen hundred dollars, for the payment of which, well and truly to be made, we and each of us bind ourselves, our heirs, executors and administrators, jointly and severally; firmly by these presents. Sealed with our seals and dated at the city of Denver, County of Arapahoe and State of Colorado, this 14th day of June, 1886.

" The condition of the above obligation is such that whereas," etc. (Reciting the substance of the aforesaid order.)

" Now, Therefore, if the said Edwin R. Cowan shall pay to the said Laura Cowan all costs and damages that shall be adjudged to her on the said appeal, *and will satisfy and perform the judgment and order appealed from in case the same shall be confirmed,* and any order or judgment the supreme court may render or order to be rendered by the inferior court, not to exceed the amount of value of the original judgment or order aforesaid made and entered by the said district court, that the obligation shall be null and void, otherwise to remain in full force and virtue."

Afterwards and on the 23d day of December, 1887, the order appealed from was affirmed by the supreme court. No further order or judgment was made in the divorce case until the 15th day of April, 1889, when it was finally disposed of and judgment rendered in favor of plaintiff, and the monthly allowances adjudged to plaintiff by the order of June 1, 1886, continued to accrue up to that date. No payment was made by the said Cowan or any one in his behalf in pursuance of said order, except the sum of $100. Plaintiff seeks to recover from said defendants upon the said undertaking not only the $300 counsel fees, and the $50.00 allowed for plaintiff's personal use, and the allowance of $25.00 per month for the support of the family accruing during the

pendency of the appeal, but also the installments which accrued after the judgment of affirmance in the supreme court, and the further sum of $29.60 costs adjudged on the appeal.

The defendants admit the execution of the bond sued on and set up certain counterclaims on account of money had and received by appellee to the use of said Edwin R. Cowan from certain rents collected and moneys paid subsequent to the order of June 1, 1886. The court below rendered judgment in favor of appellee for the sum of $1,205 and costs. To reverse this judgment defendants below prosecute this appeal.

Messrs. WELLS, MACON & FURMAN, for appellants.

Messrs. BENEDICT & PHELPS, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The principal question presented for our determination is whether appellants, by virtue of the undertaking executed by them, are liable for the payment of the monthly installments that accrued after the affirmance of the order in the supreme court. We are unaided in our investigation of this question by any adjudicated case involving the same or a similar state of facts. The appeal was had under the act of 1885, allowing appeals from interlocutory orders, and the decision of the question depends upon the construction to be given to that act. Section 23 of the act provides:

"Sec. 23. An appeal shall not stay proceedings on the judgment or order, or any part thereof, unless the appellant shall cause to be executed, before the clerk of the court which rendered the judgment or order, by one or more sufficient sureties, to be approved by such clerk, an undertaking to the effect that they are bound, in double the amount named in the judgment or order, that the appellant shall pay to the appellee all costs and damages that shall be adjudged to the appellee on the appeal, and also that the appel-

lant will satisfy and perform the judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the supreme court may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents or damages to property during the pendency of the appeal, out of the possession of which the appellee is kept by reason of the appeal." * * *

If by force of the clause in the condition of the undertaking that "appellant will satisfy and perform the judgment and order appealed from" in case of an affirmance, the sureties are to be held to have undertaken that the principal should perform a continuing order, as contended by counsel for appellee, then we must conclude that the legislature intended to impose a liability upon sureties on such appeals much more extended than had theretofore existed in any other class of appeals, and to require them to do more than indemnify the appellee for such damages as they may have occasioned by suspending the enforcement of her remedy pending the appeal.

As generally accepted, the object of an appeal bond is to preserve the rights of appellee pending the appeal, that is, to protect him against any loss he may suffer by reason of the suspension of his remedy and to assure the performance of the judgment superseded thereby in case of affirmance. When, by reason of an affirmance of the judgment or order appealed from, the supersedeas obtained by virtue of the appeal bond expires and no longer suspends the appellee's remedy, the liability of the sureties attaches and a right to an action against them accrues for the enforcement of the judgment suspended, and for such damages as they may have caused the appellee by postponing his remedy; and no good reason seems to exist why their liability should be extended beyond the time and after their interference has ceased to prejudice the appellee's rights.

Under the application of this principle, the sureties herein should be held answerable for the performance of the order appealed from only so far as its performance was prevented

by their interference.    Upon the affirmance of the order appellee might have enforced a compliance with its terms for installments subsequently accruing, by execution, or by proceedings for contempt, as provided in the order, the same as if no appeal had been taken.

We do not think that a more extended liability than this was intended by the use of the language quoted, to wit: " that the appellant would satisfy and perform the judgment or order appealed from." It is fairly inferable that the legislature had in view only such orders as were usually made in the progress of the trial of a case, and not an exceptional order of this character that imposed a continuing duty and had in contemplation the performance of an order that required the immediate payment of money, which had been superseded by the undertaking provided for. Such intention is manifest by section 30 of the act, wherein it is provided :

" Sec. 30. Upon the affirmance of any judgment or order for the payment of money, the collection of which in whole or part has been *superseded by undertaking as above contemplated*, the court shall award to the appellee damages upon the amount superseded, and if satisfied by the record that the appeal was taken for delay only, must award such sum as damages, not exceeding fifteen per cent thereon, as shall effectually tend to prevent the taking of appeals for delay only."

And section 31 provides for the restoration to appellant of any money or property taken from him by reason of such judgment or order, in case it is reversed.

We think therefore the construction to be given the condition of this undertaking is that the sureties obligated themselves that their principal should perform the order appealed from in so far as the supersedeas procured thereby stayed the enforcement of the same, and that their liability cannot be extended to the performance of the order from and after the time the supersedeas was discharged and no longer prevented appellee from enforcing the order ; and that the court below

erred in allowing a recovery for such installments as accrued after the remittitur issued from the supreme court.

We think the court below properly excluded evidence in relation to rents received by appellee for rooms in the house, the use of which was allowed to her in express terms by the order, and committed no error in disallowing the payments alleged to have been made as a credit upon the amount due under the order. The judgment will therefore be modified and the court below directed to enter judgment for the amount that had accrued under the terms of the order at the date the remittitur was issued by the supreme court upon affirmance of the order appealed from; and also for the sum of $29.60 costs awarded her on the appeal in the supreme court.

*Reversed.*