Thomson, J.,
delivered tlie opinion of the court.
John R. Griffin was engaged by The Arlington Park Company to do some grading and filling upon Arlington Park. He employed a number of laborers upon the work. After the work had progressed towards completion, A. W. Myers commenced an action against Griffin, and caused a writ of attachment to be issued in aid of his suit. By virtue of the writ, summons in garnishment was served upon The Arlington Park Company.. The company answered that it owed Griffin $1,142.50, less an order for $500 which it had accepted, and less the amount due the laborers for which it would be responsible. For the purpose of procuring a release of the money, an undertaking was executed by J. R. Griffin, H. Schradsky, and Lucius L. Moore, as follows:
“A. W. Myers, Plaintiff, vs. J. R. Griffin, Defendant.
“ Whereas, the above named plaintiff has sued out an attachment in the above entitled action in the district court of the second judicial district of the state of Colorado, in and for the said county of Arapahoe, against the above named defendant, by virtue of which said writ of attachment the following described property, to-wit: Six hundred and forty-two dollars and fifty cents ($642.50) in money in the hands of The Arlington Park Company as garnishee, of *396 the value of six hundred and forty-two dollars and fifty cents (1642.50), has been seized and attached; and, whereas, the said defendant is desirous of releasing the said property from said attachment according to the form of the statute in such case made and provided:
“ Now, therefore, we, the undersigned, residents and freeholders of the county of Arapahoe, and state of Colorado, in consideration of the premises, and of the releasing of said property, do jointly and severally undertake and promise to the effect that in case the said plaintiff recover judgment in said action, and said attachment is not dissolved, then said defendant will, on demand, redeliver to the proper officer such attached property so released, or in default of such redelivery to the said defendant, we, as his sureties, will pay, or cause to be paid, to the said plaintiff the full value of the property so released.
“ Dated this 9th day of April, A. D. 1891.
“ J. K.. Grieeiu.
“ H. SCHRADSKY.
“ Lucius L. Moore.”
Upon the execution of this undertaking, The Arlington Park Company paid over to Griffin the money attached. Myers afterwards recovered judgment in the action for 1776.55, and his attachment was sustained. George F. Dunklee, the assignee of the judgment and undertaking, brought this suit upon the undertaking. A trial of the cause resulted in a judgment in his favor, from which the defendants have appealed to this court.
It is contended that the undertaking is invalid, because it was not authorized by any statute. The code (secs. Ill, 112) makes provision for the release of attached property in the hands of the sheriff, upon the execution of an undertaking substantially like the one in suit. We may admit that this provision does not apply to money in the hands of a garnishee, and that if Myers, the plaintiff in the attachment suit, had seen fit to insist upon his legal rights, the *397 undertaking given would not have operated to release the money. But the defendants executed it for the purpose of releasing the money, and, by reason of its execution, the money was in fact paid over to Griffin. As it accomplished the purpose for which it was executed, the defendants cannot be heard to question its validity. Abbott v. Williams, 15 Colo. 512.
Mr. Griffin testified that after he obtained the money, he paid it out to the men he had employed upon the work, and that an amount equal to the amount received was due to them as wages earned within the thirty days preceding the garnishment. The point is made that as to the wages of the laborers the garnishment was inoperative, and hence there was no consideration for the undertaking. By the mechanic’s lien law in force at the time of the garnishment, a subcontractor (that is, a contractor with the principal contractor) was entitled to a lien upon the property for the amount due him on account of his contract, and a person rendering personal services to a contractor for wages was classed as a subcontractor. His lien must be perfected in the manner and within the time prescribed by the' statute, and then established by judgment in a suit brought as the statute directed. When his lien was duly perfected, it related back to the time when he commenced to do the work; and in case he claimed a lien, any payments made by the owner to the contractor before the perfecting of the lien were at his own risk; and no attachment or garnishment of any money due a contractor from the owner was valid as against the lien of the subcontractor. The argument is that these laborers, by virtue of their employment by the contractor, had liens upon the property ; that the money due the contractor, to the extent of the wages they had earned, were not subject to garnishment; that the entire amount due was required to pay what was owing to them; and that, by reason of the premises, the undertaking released nothing, and was therefore without consideration. The fallacy of this ai’gument lies in the assumption, without qualification, that the workmen had liens *398 upon the property. They had claims which might ripen into valid and enforcible liens, by virtue of which the. land might be subjected to the payment of their claims, but as yet there was no lien which could be made the subject of an action. By filing, within the proper time, the statements required by the statute, and otherwise complying with its requirements, they could charge the property with the payment of their claims, and the liens thus acquired would be deemed to have attached when they commenced their work. But until they had taken the statutory steps to secure liens, the rights they had were merely iuchoate. They might never assert those rights, and it might never be necessary for them to do so, because their employer might pay them in full. The garnishment would then hold the money as the property of Griffin. The statute does not say that a garnishment of money due a contractor shall be invalid as against the claim of a subcontractor, but only as against the lien of a subcontractor. When the lien is perfected, a garnishment made while the lien was still inchoate would become invalid by reason of the relation back of the perfected lien; but if there should never be a perfected lien, the garnishment would be effectual.
The garnishment in this case was not invalid when made. Upon the coming in of the garnishee’s answer, if there had been no interference with the attachment, so as to forestall the action of the court, it would have been the duty of the court to suspend the proceedings upon the garnishment until it could be known whether the employés of the contractor would assert and perfect their liens. If they should do so, the garnishment would become invalid; if not, it would remain valid. But, by the act of these defendants, the court was not permitted to take such action. They executed an undertaking by virtue of which the money was released from the garnishment, and paid over to Griffin; and thus the question whether the money might prove to be subject to the garnishment was eliminated from the case. As a perfected lien has relation backward, and holds the land from the time of *399 the commencement of the work, so a failure to perfect the lien also relates back, and, if there is finally no lien, there was none from the beginning. After Griffin received the money, he paid his employés; and any right which, before payment, thej'' may have had to liens, was never asserted. Their inchoate liens, if they had any, were obliterated. Therefore, by relation backward, they had no liens at the time of the garnishment, and the conditions upon which the statute makes a garnishment invalid never had an existence.
These defendants are not in a position to sajr that to hold them to a performance of the conditions of their undertaking would be a hardship. The attachment plaintiff had the right to the money in the hands of the garnishee, unless it should turn out that by reason of the nonpayment by the contractor of the sum due his employés, the latter, by compliance with the statutory provisions, acquired valid liens upon the garnishee’s property. Such liens might never be acquired. The requisite steps might never be taken. The contractor might pay his men; and so far as it can he said that there is any presumption in the matter, it is that he would pay them. It cannot be presumed that he would not, or that any thing to occur in the future would render the garnishment invalid. Having attached the money, the attachment plaintiff was entitled to a determination of eveiy question which affected his right to it. But he was deprived of an adjudication of his claim to the money by an undertaking, in virtue of which it passed beyond his control, and beyond the control of the court. The defendants voluntarily undertook and agreed that in consideration of the release of the money, if the plaintiffs recovered judgment and the attachment was not dissolved, the}r would make the amount good to the plaintiff. The release of money to which the plaintiff might be able to show himself entitled, if permitted to litigate the question, was ample consideration for the undertaking. He did recover judgment and the attachment was not dissolved; and to permit the defendants to escape the liability which they assumed, on the bare lypothesis that a number of uncertain *400 events would have transpired if the undertaking had not been given, would be an absurd application of the doctrine of legal presumptions, and, besides, would result in palpable injustice.
Counsel says that there is a defect in the evidence, in that the instrument by which the money was formally released was not produced. It seems that there was an instrument of that kind, but the person in whose custody it should have been, after a search which was perhaps insufficient, could not find it. The code provides for the release by the sheriff of attached property in his hands, upon the execution of the proper redelivery undertaking; but the release is effected by delivering the attached property to the defendant. No written release is required, and therefore none need he shown. The evidence is conclusive that all parties regarded the money as released by virtue of the undertaking. It was in consequence of the undertaking that it was paid over. In so far as it was released at all, it was the undertaking that released it. The defendants intended that such should be the effect of the undertaking. They are bound by the consequence of their act, and it is immaterial in what manner the Park Company received notice that they were at liberty to pay the money to Griffin.
Let the judgment be affirmed.

Affirmed.