Bissell, J.
The extent of the liability of the sureties on an appeal bond is the only question presented by this writ of error.
In 1895, Bessie H. Dye in a suit brought against her husband Oliver W. in the district court of Arapahoe county, obtained a judgment for alimony pendente lite, and thereunder the order of the court was that Oliver W. pay into court forthwith $25.00 for costs and expenses of suit; $25.00 for the use of plaintiff, and the sum of $100 for the use of plaintiff’s counsel on or before March 15,1895, and on the 1st day of March, 1895, and on the first of each succeeding month thereafter until the further order of the court, the sum of $50.00 for the use of the plaintiff. From this judgment an appeal was taken which was granted on condition that Dye file an appeal bond in the sum of $1,000 according to the statute. Thereupon Dye filed with the clerk of the court his bond in the sum of $1,000 which contained this condition:
“ The condition of the above obligation is such, that whereas the said Bessie H. Dye did on the 6th day of March one *208 thousand eight hundred and ninety-four, at a term of the District Court then being’ holden in and for the county of Arapahoe and State of Colorado, obtain a judgment against the above bounden Oliver W. Dye, for the sum of one hundred and fifty dollars, and costs of suit, from which judgment the said Oliver W. Dye, has prayed for and obtained an appeal to the Court of Appeals of said State of Colorado.
“Now, if the said Oliver W. Dye shall duly prosecute said appeal, and shall moreover pay the amount of said judgment, costs, interest and damages, rendered and to be rendered, against him the said Oliver W. Dye, in case the said appeal shall be affirmed in the said The Court of Appeals, then the above obligation to be null and void, otherwise to remain in full force and effect.”
The appeal was treated as operative by both parties, no execution was issued on the judgment, the case was brought to this court where on hearing it was finally affirmed. Demand was then made on the sureties and the parties coining to no settlement suit was brought directly on the bond to recover the various sums which were payable; the amount which was payable on the 15th of March and the subsequent monthly installments to the limit of the bond, the plaintiff seeking to' recover the full penalty. This she was entitled to because there were enough overdue payments to consume it, providing this was the measure of the sureties’ liability. The court held against Mrs. Dye, and adjudged the sureties only liable to the extent of $150, because the recital in the condition of the obligation described the judgment as one for $150 and the costs of suit. Mrs. Dye sued out a writ of error and this is the case for decision. The fundamental and underlying principle for which the defendant in error contends is that sureties are always objects of peculiar regard who have a right to insist that their liability shall not extend beyond the strict terms of their obligation and that it cannot be extended by inference or implication. The rule is conceded. There is no doubt about the principle and the universality of its application and enforcement. It remains, however, always *209 to be determined, whether the one construction comports with their obligation, or on the other hand restricts it or extends it beyond their engagement. When there is any question respecting the terms of the contract we understand that the same rules of construction are applied as when the contract is to be construed and enforced between the principal and the promisee. Wherever it can be ascertained that there is a clear intention on the part of the sureties to enter into a more enlarged obligation than is apparent from the exact phraseology of the instrument itself, it is as true with sureties as with the principal, they may still be bound notwithstanding this principle. The liability of sureties on bonds of various descriptions, appeal bonds, and others, has been the subject of much consideration. The authorities do not seem to be in entire harmony and there is frequently a great similarity in the facts of cases in respect to which different courts have reached different conclusions. We are so thoroughly in accord with' those which enforce the liability of the sureties not only where the terms of the instrument compel it, but also where the obligation is a doubtful one, but there is clearly exhibited by the terms of the writing an intention on the part of the sureties to 'be bound, that we do not hesitate'to follow those which enforce the liability rather than those which permit them to avoid what was in reality their contract. We are supported in this conclusion by the adjudications of the supreme court as well as by judgments which we have rendered under similar circumstances. It has often been a question whether sureties will be liable in case of a misdescription in a bond, or a misrecital which apparently varies and alters the evident purpose of the parties. It would be conceded that this bond would have obligated the sureties to pay the judgment up to the limit of the penalty of their bond, if it had contained no other condition and no other recital than that Bessie H. Dye had obtained a judgment against Oliver W. from which he had prayed and obtained an appeal, and the sureties had agreed that he should pay the amount of the judgment, costs, interest and damages rendered and to be *210 rendered against the appellant. If the bond had been so written that there was enough in it to describe the judgment the sureties would doubtless be liable to the bond limit. It thus logically leaves this question: whether the misrecital of the amount of the judgment, or the misdescription in the statement of $150, absolutely vitiates what would otherwise be a contract and agreement of the parties to pay the whole judgment and leaves the sureties only liable to that amount. It ought not to be true, and the contrary is supported by many well considered cases which commend themselves to our judgment. McElroy v. Mumford, 128 N. Y. 303 ; Landa v. Heermann, 85 Texas, 1; Warren v. Marberry & Son, 85 Texas, 193; Ryan v. Webb, 39 Hun, 435; Phelps v. Daniel, 86 Ga. 363 ; Mathews v. Morrison, 13 R. I. 309; Adler v. Potter, 57 Ala. 571; Hartlep v. Cole, 120 Ind. 247; Miller v. Vaughan, 78 Ala. 323; Miner v. Rodgers et al., 65 Mich. 225.
It might possibly add to the strength of this opinion to gather together and state the reasons which have been expressed by the various judges, but we regard the general statement of the doctrine enough with only a reference to these supporting authorities. From them it may be deduced that wherever in an appeal bond there is enough to identify the judgment, a misrecital will not affect, limit or vary the liability of the sureties if from the instrument itself the intention to be bound to answer for the judgment may be gathered. Under the circumstances of this case, we must take it as true, that it was the intention of the sureties to guaranty Dye’s obedience to the order and the payment of any judgment which might be finally rendered in this court on the appeal. It is not consistent with the evident purpose of the parties to limit their liability to the sum of $150, because such was not the judgment from which the appeal was taken, and the sureties, like the principal, ought'to be charged with knowledge of the judgment from which the appeal was prosecuted.
We find, however, a still stronger reason than these supporting authorities for upholding this construction of the contract. It is deduced from the terms of our own statute *211 respecting appeals, and the adjudications of our courts on the subject of these bonds and the liability of sureties. According to the terms of our code, section 388, appeals are allowed in certain cases as well as in those which are specified in the particular act which created this court. The limitation on the right of appeal is undoubtedly operative not only in the cases specified in the particular section, but in those which are provided for in the court of appeals’ act. By the terms of the section an appeal is allowed subject to this provision. The party must file in the office of the clerk within the time limited, a bond sufficient to cover the amount of the judgment appealed from and costs, conditioned for the payment of the judgment, interest and damages in case the judgment should be affirmed, which must likewise be approved. Not otherwise, and only on that condition can a party become entitled to an appeal. Acting under this statute, which was the sole warrant for Dye to prosecute his appeal from the judgment, he prayed an appeal; it was allowed on condition that he file a bond in the sum of $1,000, according to the statute, which was to pay the judgment, interest and costs in case it should be affirmed. Either one of two things was true; there never was an appeal which stayed the judgment, or else, the bond to the limit of its penalty was conditioned to pay the judgment from which the appeal was taken. It has been adjudged by the supreme court that an appeal when perfected by its own force stays the execution of the judgment and that no supersedeas is necessary when the common-law writ of error is sued out. Freas et al. v. Engelbrecht, 3 Colo. 377.
When the appeal was perfected in compliance with the order as prayed and this bond was given, it would seem that a simple inquiry ought to determine the extent of the liability of the sureties. Was the judgment superseded and could the plaintiff have sued out an execution for the enforcement of his judgment? Manifestly, the defendants in error would say “no ” because the sum then due at the time of the giving of the bond was superseded by the obligation; if then, the judgment was in fact superseded and incapable of enforce *212 ment and the bond had any binding and obligatory force, it must not be adjudged that it only extended to the limit of $150 because otherwise it could not be true that the appeal superseded the enforcement of the judgment. To supersede a judgment, the bond must under the statute provide for the payment of the judgment which has been rendered or the one which may be rendered in the appellate court. Unless then, the bond is conditioned and operates as a supersedeas ex vigore there was no appeal; this could not be conceded, nor was it conceded by the parties who acted on the theory and hypothesis that the judgment appealed from had been superseded and was no longer enforceable. It was evidently the intention of the parties to give a bond staying the enforcement of that judgment and it ought not to be held that the misrecital of $150 either operates to defeat the intention or exhibits an intention on the part of the sureties to be bound only to that extent.
The force of these suggestions respecting the perfection of the appeal, the attempt on the part of the principal and his sureties to supersede the judgment, the .actual result which was the perfection of an appeal, and the stay of the hands of the plaintiff, and the acceptance of the situation and the benefits derived therefrom by the appellant Dye and his sureties, are of great significance in the light of the principle which the supreme court has several times announced- and has adhered to since its first declaration. It has been held by that court that where a bond has been given without authority of law and the appellees have had the benefit of the bond, they cannot thereafter be heard to insist on its invalidity, being estopped by their own acts. In the discussion of the question as to the contract of the sureties, the court says that it is to be taken strietissivii juris but the principle is liable to abase in its application. They assert the doctrine that there must be substantial reason to permit the surety to escape liability on his contract. It is put on the ground that the judgment creditor is prejudiced and that the surety has obtained for his principal, the benefit of an appeal and on breach *213 of the condition of the bond he should not he absolved, unless he can produce clear and satisfactory reasons for permitting him to escape the liability. As it-is put’in some of the other cases, the obligors on the bond are estopped to deny their liability when the bond has subserved the purpose for which it was given and the appellant has had the benefit of it, and there is nothing in the instrument itself to compel the court to release those who have undertaken to see that he shall both prosecute Ms judgment with effect and shall pay whatever judgment has been or may be rendered against the principal. Irwin v. Crook and Beman, 17 Colo. 16; Abbott v. Williams, 15 Colo. 512; Shannon v. Dodge, 18 Colo. 164.
This court, following the same doctrine, has announced a like rule in several cases. Schradsky v. Dunklee, 9 Colo. App. 394; Creswell v. Herr, 9 Colo. App. 185.
With the principle and the doctrine of these cases we are content. We think the facts and circumstances existing in this case clearly fix the responsibility of the sureties for the full amount of the judgment, both the $150 and the thereafter accruing monthly payments to the extent of the penalty of the bond. The judgment was adequately described in the instrument; it was an undertaking that the appellant Dye should pay the judgment if it was affirmed, or any judgment which this court might render. The court in which the judgment was entered was named and in all particulars the judgment was accurately and sufficiently described, save as to the misrecital that it was for $150. We do not believe that this vitiates it. If the words had been out, the bond would have been good; being in, we do not think it destroys the validity of the obligation, from the terms of wMch we can gather a clear intention on the part of the sureties to obligate themselves to Dye’s performance of the terms and conditions of the order and the judgment.
The judgment of the court below does not accord with these views, and it will accordingly be reversed and remanded for further proceedings.

Reversed.