[No. 5489.]
[No. 3159 C. A.]

## TANQUARY v. BASHOR.

1. **Appellate Practice—Liability on Appeal Bond—Void Judgment—Jurisdiction of Appellate Court.**

   An appeal bond is not void because the judgment appealed from is void and the appeal was taken to a court without jurisdiction.—P. 233.

2. **Appeal Bond—Nature of Obligation—Consideration.**

   It is sufficient consideration for an appeal bond that it suspended enforcement of the judgment.—P. 233.

3. **Practice in Civil Actions—Appeal Bond—Judgment for Penalty.**

   In an action on a bond given on appeal from a judgment for monthly installments of alimony, judgment for the penalty is not erroneous where the monthly installments exceed the penalty.—P. 234.

4. **Appellate Practice—Questions for Review—Assignment of Error—Interest.**

   The appellate court is not required to consider an error in refusing to give interest, in an action on an appeal bond, from the date of dismissal of the appeal bond to the time of judgment on the bond, where the assignment of such cross-error does not appear in the printed record.—P. 234.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Frank T. Johnson, Judge.*

Action by Saide Meiss Bashor against Lillian N. Tanquary. From a judgment for plaintiff, defendant appeals.        *Affirmed.*

Mr. Charles Roach, for appellant.

Mr. Lucius W. Hoyt, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

Action by an obligee on an appeal bond against the surety. From a judgment for plaintiff, defendant appeals.

The penalty of the bond is six hundred dollars. The condition, in substance, is that whereas the obligee in the bond obtained an order or judgment, of date September 29th, 1898, denying the petition of the principal to satisfy a certain judgment or decree of the district court against the principal in obligee's favor, for alimony for the sum of twenty-five dollars per month and costs of suit, and the obligee obtained a judgment or order against the principal to pay to the obligee the sum of twenty-five dollars per month from March 1st, 1898, from which judgment the principal has prayed and obtained an appeal; now, if the principal shall prosecute his appeal and pay the amount of the judgment, costs, interests and damages rendered and to be rendered against him in case of affirmance, the bond shall be void; otherwise in effect.

The execution of the bond and the affirmance of the judgment appealed from are admitted in the answer, and as affirmative defenses defendant pleaded no consideration, that the judgment from which the appeal was taken was void, and that it was

taken to the court of appeals which had no jurisdiction thereof. Upon these several defenses, and the further assignment that the judgment rendered by the lower court for the full penalty of the bond was excessive, appellant relies for reversal.

Whatever may be the rule in other jurisdictions, the principal questions raised here have been decided by this court and the court of appeals against the contention of appellant. We do not say that the judgment appealed from is void, but if it is, that is no defense to this action.

In *Mueller v. Kelly,* 8 Colo. App. 527, it was held that the validity of an appeal bond does not depend upon the validity of the judgment appealed from. Appellant concedes that it is also the rule in this jurisdiction that a surety is not released upon the bond because the appeal was taken to a court having no jurisdiction of the subject-matter. Conceding that both these points have been here so decided; appellant maintains that where both these defects concur in the same suit, the surety is relieved of liability upon the bond. We do not see the logic of the argument. If neither one of these alleged defects relieves the surety of liability, we do not see why their concurrence has that effect.

It is conceded here, and the record so shows, that the effect of the giving of the appeal bond suspended the execution of the judgment appealed from; that no attempt was made to enforce it during the pendency of the appeal, and both parties treated the appeal bond as suspending all action upon the judgment in question. This is a sufficient consideration for the execution of the bond, and the surety is not released because of the alleged defects stated.

In *Dye v. Dye et al.,* 12 Colo. App. 206, an action upon an appeal bond from a judgment for alimony

*pendente lite* in the specific sum of $150, and that defendant should pay on the first of each month the sum of fifty dollars for the benefit of the plaintiff, it was held that the obligee, on the affirmance of the judgment, was entitled to recover not only the specific sum of one hundred and fifty dollars, which, by a misrecital in the appeal bond the judgment was said to be, but also the monthly installments to the extent of the penalty of the bond.

In *Cowan et al. v. Cowan,* 19 Colo. 315, in an action on a similar appeal bond for the payment of temporary alimony in monthly installments, it was held that the sureties on the undertaking were liable therefor during the time that the supersedeas procured by the giving of the bond suspended the enforcement of that judgment. Since the amount of the monthly installments exceeded the penalty, the court in this action committed no error in giving judgment for the full penalty of the bond.

The further point made by appellant that there is no showing that the monthly payments provided for by the judgment appealed from had not been paid, is not good. There is enough evidence to show that the payments were not made.

At the trial appellee asked for interest on the judgment from the date of the dismissal of the appeal to the time of the judgment upon the appeal bond, which the court, over the objection of appellee, refused. In her brief appellee asks this court to modify the judgment as rendered, by awarding interest. We do not find that appellee has properly assigned cross-error upon such ruling. Such assignment does not appear in the printed record, and we are not required to look further.

Perceiving no prejudicial error in the record, the judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.