## No. 11,476.

UNITED STATES FIDELITY AND GUARANTY CO., ET AL. *v.*
DHANES.

Decided March 22, 1926.

Action on appeal bond.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.   APPEALS—*Justice to County Court.*   An appeal does not lie from a
     justice of the peace court to the county court of another county.

2.          *Bonds—Validity.*   An appeal bond is not void because the appeal
     is taken to a court without jurisdiction.

3.   PRINCIPAL AND SURETY—*Appeal Bond—Jurisdiction.*   In an action
     against principal and surety on an appeal bond on appeal from a
     justice of the peace court, defendants having voluntarily selected
     the court to which the appeal was taken were estopped to deny its
     jurisdiction.

4.          *Appeal Bond—Validity.*   A voluntary obligation founded upon a
     valid consideration is enforceable according to its terms and provi-
     sions unless the same be against public policy.

5.          *Appeal Bond—Defective.*   The good part of an appeal bond may
     be enforced, even if the bad be rejected.

6.          *Appeal Bond—Consideration.*   Although an appeal bond on an
     appeal taken to the wrong court does not in law stay the operation
     of the judgment, if it does so in fact, the consideration for the
     bond is sufficient.

7.   PLEADING—*Appeal Bond—Consideration.*   In an action on an appeal
     bond, the instrument being sealed imports a consideration and
     appearing in the complaint, no consideration need be alleged.   Want
     of consideration, if available at all, is a matter of defense which
     must be pleaded.

8.   PRINCIPAL AND SURETY—*Surety Companies—Presumption.*   It appear-
     ing that the surety on an appeal bond is a fidelity and guaranty
     corporation, doing business as such, it will not be presumed that it
     signed the bond gratuitously.

*Error to the County Court of Boulder County, Hon. E. J. Ingram, Judge.*

Messrs. ELLIS, ROBINSON & SARCHET, Mr. JAMES E. GARRIGUES, Mr. W. DAVID McCLAIN, for plaintiffs in error.

Mr. O. A. JOHNSON, Mr. GUY D. DUNCAN, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THIS is an action brought to recover on an appeal bond which was given on an appeal to a county court from a judgment rendered by a justice of the peace. The plaintiff won; defendants bring error and ask for a supersedeas.

The parties appeared in the court below in inverse order from that in which they appear here. When not otherwise designated, we shall speak of them as plaintiff and defendants, as in the trial court.

The basis of the action was this: Plaintiff Dhanes sued the Thoro Products Company in a justice court in Jefferson county and obtained judgment. The defendant company, instead of appealing to the county court of Jefferson county, appealed to the county court of the City and County of Denver and docketed the case in the latter court. Appellant company gave an appeal bond, signed by itself as principal and the United States Fidelity and Guaranty Company as surety, conditioned to prosecute the appeal in the Denver court above named. The bond was duly approved by the justice in Jefferson county. No appeal was taken to the county court of Jefferson county. After the lapse of two years, the county court of the City and County of Denver dis-

missed the appeal and rendered judgment for costs against the appellants. The costs were paid. Plaintiff Dhanes then brought a new action, the present case, against the principal and surety on the appeal bond. It is the latter case that is now here on review.

The appeal bond sued upon followed the general form prescribed for appeal bonds from judgments of justices of the peace, found in C. L. 1921, section 6172. The bond reads as follows:

"Appeal Bond    *    *    *    Civil.

"Know all men by these presents, That we, The Thoro Products Company, a Colorado corporation, as principal, and United States Fidelity and Guaranty Company, Baltimore, Maryland, are held and firmly bound unto Peter Dhanes, in the penal sum of Six Hundred and Ten ($610.00) Dollars, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

"Witness, our hands—seals this 21st day of May, A. D. 1923.

"The condition of the above obligation is such, that whereas, the said Peter Dhanes did on the 10th day of May, A. D. 1923, before H. J. Egerer, a Justice of the Peace within and for the County of Jefferson, recover a judgment against the above bounden The Thoro Products Company, and The Thoro Products Manufacturing Company, a Colorado Corporation, jointly, for the sum of Three Hundred ($300.00) Dollars and no cents, from which judgment the said Thoro Products Company has taken an appeal to the County Court of the City and County of Denver aforesaid, and State of Colorado.

"Now, if the said Thoro Products Company shall prosecute his appeal with effect, and shall pay whatever judgment may be rendered by the Court upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect.

(Signed and sealed by principal and surety).

"Approved by me at my office, this 21st day of May, 1923.

Herman J. Egerer,
Justice of the Peace."

Defendants contend, (1) that the bond having been given to prosecute an appeal to a court without jurisdiction, that it was impossible of performance and therefore void; and (2) that there was no consideration for its execution.

1. An appeal did not lie from a judgment of the justice court in Jefferson County to the county court of the City and County of Denver. It should have been taken to the county court of the same county. C. L. 1921, section 6170. Was the bond therefore void?

Whatever the rule elsewhere may be, it has been held in this state that an appeal bond is not void because the appeal is taken to a court without jurisdiction. *Tanquary v. Bashor,* 42 Colo. 231, 94 Pac. 22; *Swofford Bros. Dry Goods Co. v. Livingston,* 16 Colo. App. 257, 65 Pac. 413.

In the case at bar, such construction is aided by the following statute relating to appeals from judgments of justices of the peace to county courts: "The security in any appeal bond shall be liable thereon for the amount of the original judgment and all costs thereon, in case the said appeal be dismissed; and shall be liable also on said bond for whatever judgment may be rendered by the county court in case the original judgment be affirmed by the said county court, either in whole or in part." C. L. 1921, section 6182.

Counsel for the company cite authorities holding that there can be no judgment of affirmance pronounced by a court without jurisdiction. But in this case, the liability of the surety company is by operation of law, or by the force of the statute itself, as well as by contract, and not by force of a judgment of a court not having

jurisdiction. The Denver court did have jurisdiction to dismiss the case, it had to do that, but could do nothing else, and as soon as it did so, the statute took effect ex proprio vigore, as did also the contract.

The statute does not make any distinction as to grounds of dismissal in determining the liability of the surety, and it is applicable to *any* appeal bond taken from a judgment of a justice of the peace. There was nothing to prevent the surety company from accelerating the date of its contractual and statutory liability on the appeal bond, if it voluntarily chose to do so, by making it contingent upon a lawful act that was bound to occur, a dismissal of the appeal. We do not say that defendants could not have corrected the error by getting into the right court if it had been done in time, but in this case it was never done or attempted. Defendants voluntarily selected the Denver court and seek to avoid liability by reason of such choosing. This they cannot do. They are estopped to deny the jurisdiction of the court. Pingrey on Suretyship and Guaranty (2nd Ed.), section 62; Stearns on Suretyship (3rd Ed.), p. 20, section 19; 1 Ency. Pl. and Pr. p. 1619, par. 21.

The general rule is that a voluntary obligation founded upon a valid consideration is enforceable according to its terms and provisions, unless the same be against public policy or forbidden by statute. Such a bond is valid at common law. *Abbott v. Williams,* 15 Colo. 512, 25 Pac. 450; *National Surety Co. v. People,* 54 Colo. 365, 371, 130 Pac. 843; *Swofford Bros. Dry Goods Co. v. Livingston, supra.*

Assuming in this case that part of the appeal bond is impossible of performance, that is, an appeal to a court not having jurisdiction, and thus having no right to entertain an appeal, but having a right and duty to dismiss the appeal, it does not follow that the whole instrument is thereby vitiated. Dividing the bond into its two parts, for illustration, it first contains an abso-

lute obligation to plaintiff under seal; and second, the conditions under which it shall be void, "otherwise to remain in full force and effect." The promise to be bound is not impossible of performance, however the second part be regarded. *Abbott v. Williams, supra,* refers to the common law rule that the good part of a bond may be saved, even if the bad be rejected. In 6 R. C. L. p. 1015, section 376, it is said: "In connection with contracts which allow the promisor to elect between two modes of performing, the question sometimes arises as to the effect of the impossibility of doing one of the alternative things. There would seem to be no doubt that where one alternative is impossible at the date of the contract, the other must be performed. * * * This rule rests upon the substantial reason that, so long as the contract is capable of performance in any mode contemplated by the parties, its performance cannot be said to have become impossible."

2. Consideration: Though the appeal did not in law stay the operation of the judgment, it did so in fact. Like *Tanquary v. Bashor, supra,* no attempt was made to enforce it during the pendency of the appeal. The appeal bond was treated by the parties as suspending all action upon the judgment in question. This is a sufficient consideration for the execution of the bond. *Tanquary v. Bashor, supra.*

The defendants admitted the essential allegations of the complaint, but the answer did not raise the question of want of consideration. Being a sealed instrument, and so appearing in the complaint, it imports a consideration and therefore consideration need not be alleged in the declaration. Want of consideration, if available at all, is a matter of defense that must be pleaded. 9 C. J. p. 93, section 163; *Dowdey v. Maxwell,* 73 Colo. 268, 215 Pac. 146.

We remark further that the surety in this case is a fidelity and guaranty corporation, doing business as

such in this state. We shall not presume that it signed the bond gratuitously, the execution of fidelity and guaranty bonds being, as its name indicates, its chief business and source of livelihood, and the primary purpose for which it was incorporated.

The supersedeas is denied and judgment affirmed.

Mr. Chief Justice Allen and Mr. Justice Burke concur.